William C. SPIVEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–00495–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 11, 1988.

Rehearing Granted Feb. 11, 1988.

William McAdams, Craig S. Lundquist, Staff Counsel for inmates, Huntsville, for appellant.

David Weeks, Asst. Dist. Atty., Robert J. Shoate, Asst. Crim. Dist. Atty., for appellee.

Before EVANS, C.J., and WARREN and DUGGAN, JJ.

## ON MOTION FOR REHEARING

WARREN, Justice.

Our original opinion of April 2, 1987 is withdrawn and the following opinion is substituted in its stead.

A jury found appellant guilty of delivery of marihuana in an amount not exceeding four ounces, found one enhancement paragraph true, and assessed punishment at 12 years confinement.

Melvin Ray Avery, a narcotics investigator with the Texas Department of Public Safety, testified that on September 4, 1984, he bought marihuana from appellant. The substance appellant allegedly delivered to Avery was identified as marihuana by a chemist from the Department of Public Safety.

Appellant testified at trial that he had sold Avery bogus cocaine in the form of BC powder and bogus marihuana in the form of parsley flakes. Thus, appellant's defense at trial was that the substance he had delivered to Avery was not marihuana, but garden variety parsley flakes, and that his prior success at a series of those bunco sales caused Avery to substitute real marihuana for the parsley actually delivered. As part of his defense, appellant called Elvis Kelly to testify about what had transpired at the transaction when the marihuana was allegedly delivered to agent Avery. Kelly testified outside the presence of the jury that appellant knew Avery was a narcotics agent, and that appellant decided to, and in fact did, "burn" Avery by selling him bogus controlled substances.

■ Appellant's first point of error contends that the trial court erred in excluding Kelly's testimony, offered, out of the presence of the jury, about appellant's remarks to him after appellant consummated the sale to Avery. Kelly testified that immediately after the transaction, appellant told him, "I sold him (Avery) a bag of parsley" and "Man, this right here ain't no—you know, that was bunk, and he may come back, but I don't care."

At trial, appellant made a general proffer of the testimony, but on the State's objection that the testimony was hearsay, the trial court refused to let Kelly testify about the conversation.

On appeal, appellant does not contend that the testimony of Kelly was not hearsay. His only contention is that the out-of-court statement to Kelly was admissible as a declaration against penal interest, Tex.R. Crim.Evid. 803(24). Specifically, appellant contends that his statement admitted the offense of selling a counterfeit controlled substance. See Tex.Rev.Civ.Stat.Ann. art. 4476–15b, sec. 2(a)(2) (Vernon Supp.1987).

In *Ramirez v. State*, 543 S.W.2d 631, 632 (Tex.Crim.App.1976), the court set forth the only instance when declarations against penal interest are admissible. The court held that:

> The long established rule in Texas is that declarations of a third party admitting his guilt of the crime for which the accused is on trial are admissible only when the State is relying upon circumstantial evidence, when the guilt of such party is inconsistent with the guilt of the accused, and when the facts show that such party was so situated that he might have committed the crime.

> The Texas rule is a compromise between those cases which arbitrarily exclude declarations against penal interest and the decisions which treat such statements the same as declarations against pecuniary or proprietary interest. While this rule has been criticized by several of the leading writers on evidence, we nerethe-

less believe the Texas rule is a sound and rational rule. (Citations and footnotes omitted).

*Id.*

The underlying premise of the rule is that the statement was made by a third person. Appellant has not cited any authority allowing the evidence to be admitted when, as here, it comes from the person on trial. Indeed, he cites no authority in support of his point of error. We hold that appellant's own out-of-court statement does not qualify as an admissible declaration against penal interest.

The first point of error is overruled.

Appellant's second point of error contends that the trial court erred in excluding other testimony of Kelly as hearsay, because it was proffered as reputation evidence to show appellant's character trait for selling parsley, which he represented as marihuana.

The testimony pertinent to the issue follows:

The Court: He [Kelly] said he knows that what he [appellant] was selling to a lot people because that is the work on the street, so I'm going to sustain it.

Mr. McAdams: That stuff?

The Court: That's the word on the street, that he would well—if you buy from him, you would get burned because he was selling parsley.

Kelly: That's it.

The Court: And you know that?

Kelly: I know that.

The Court: Because of what folks say, not because you ever bought any or saw him sell it?

Kelly: No, I never bought any from him.

The Court: And you didn't see him selling any parsley; didn't actually see it?

Kelly: But I seen a guy when he brought it home.

The Court: That said he bought it from Tootie [appellant]?

Kelly: Yes, sir.

The Court: That's the problem with that.

Mr. McAdams: His reputation, your Honor.

The Court: General reputation in the community for being a parsley salesman?

\* \* \* \* \* \*

Mr. McAdams: I can put him on there as being untruthful as to being a marijuana seller.

\* \* \* \* \* \*

The Court: No, truth and veracity or general character relating to the trait of character in issue in the lawsuit. The objection is sustained.

In *Thomas v. State,* 669 S.W.2d 420, 423 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd), this Court restated the long standing rule that, "An accused is allowed to introduce evidence of a specific good character trait to show that it is improbable he committed the offense charged, where that character trait is involved in the offense." (citations omitted).

Appellant's proffered reputation testimony would not be admissible under the above rule because appellant's reputation as a parsley salesman does not involve a character trait, and certainly not a specific *good* character trait.

Mainly, this type of testimony has been used to inform the jury of a defendant's reputation for truth and veracity. But the courts have allowed other reputation testimony to prove these specific good character traits: peaceful and law abiding citizen, *Hamman v. State,* 166 Tex.Cr.R. 349, 314 S.W.2d 301, 305 (1958); honesty, *Pine v. State,* 134 Tex.R. 396, 115 S.W.2d 918 (1938); sobriety, *Foley v. State,* 172 Tex. Cr.R. 261, 356 S.W.2d 686 (1962); and, morality, *Thomas v. State,* 669 S.W.2d at 423.

In each of the above cases the testimony pertained to a good character trait. We do not consider the reputation testimony that appellant was a parsley salesman as pertaining to a character trait. Therefore, the testimony was inadmissible. Further, appellant testified that he had sold marihuana, but insisted that he had a "motto" not to sell dope to white people, and did not sell marihuana to Avery, who was white. In view of this testimony, which admitted that

he had sold marihuana, we cannot perceive how the court's refusal to admit the reputation testimony that appellant was a parsley salesman could have been harmful.

If there was any error, it was harmless.

Appellant's second point of error is overruled.

Affirmed.