**Lawrence Curtis FLIX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–88–282–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 20, 1989.

Rehearing Denied Aug. 10, 1989.

**2**

Charles F. Baird, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Appellant was found guilty of murder by a jury and sentenced to ninety-nine years in prison, enhanced by two prior convictions. On appeal, he alleges error in the trial court's denial of a new trial, in the admission of testimony by inmates, and in jury instructions. In addition, he complains of the admission of an extraneous offense and alleges his consent to a search of his home was involuntary. We affirm.

The facts, taken in a light most favorable to the verdict, show that on July 16, 1987, appellant robbed Kim's Mini Mart and escaped with fifteen dollars and cigarettes. Upon leaving the store, appellant was spot-ted by the owner as she was returning in her automobile. As appellant ran from the scene, the owner gave chase in her car. When appellant reached his own vehicle, he turned and shot and killed the store owner. After driving home, appellant shaved his goatee and cut his hair to change his appearance.

The get away car was described in the news media and the police department received calls naming appellant as the owner. When the police arrived at appellant's home, his mother signed a consent form to search the vehicle, which had been cleaned and contained no evidence. Appellant and his mother both consented to a search of the home which revealed a carton of cigarettes in a paper bag similar to those taken in the robbery.

Although there were no eye witnesses to the actual shooting, a number of persons testified at trial. A woman who had been outside the store at the time of the robbery identified appellant in a line up as the man she saw run out of the store and around the corner followed by the store owner. Another woman testified she had seen an automobile parked near the store that resembled appellant's station wagon and a man who lived near the store testified he heard shots after seeing the owner's car following a black man. In addition, two of appellant's neighbors testified to his appearance at the time of the robbery and to the change in his appearance at the time of trial. Finally, two inmates from the Harris County Jail testified to statements made by appellant while in custody in which he admitted shooting the victim.

■ In point of error one, appellant contends the trial judge erred in not granting his motion for new trial. After the jury was excused, the defense filed a motion for new trial with affidavits of several jurors stating that members of the jury had visited the crime scene during trial and discussed their visit in the jury deliberations. Three jurors stated that the discussions were "harmful to the defendant."

TEX.R.APP.P. 30(b) reads in pertinent part:

A new trial shall be granted an accused for the following reasons:

(7) Where after retiring to deliberate the jury has received *other evidence;* ... (emphasis added)

At the hearing, the jurors who drove by the scene testified that during deliberations they had commented about the layout of the streets around the shooting but that their visit and discussions had no bearing on their verdicts. Several other jurors likewise testified that the discussions had no effect on their verdicts. None of the jurors who testified at the hearing stated that the comments made by the jurors who visited the scene affected their final verdict. Finally, the jury foreman testified that there were pictures in evidence of the area discussed and the jurors' visit to the scene and subsequent comments added nothing to the deliberations that was not already before the jury in the form of photographs.

The law is well established that the decision upon a motion for new trial rests in the sound discretion of the trial court and, in the absence of an abuse of discretion, will not be disturbed on appeal. *Bolden v. State,* 634 S.W.2d 710, 711 (Tex.Crim.App. 1982). We hold that in the present case, the evidence complained of in the motion for new trial did not amount to "other evidence" within rule 30(b). *See Anderson v. State,* 707 S.W.2d 267 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *Cf. Shivers v. State,* 756 S.W.2d 442 (Tex.App.—Houston [1st Dist.] 1988, no pet.) (juror's private viewing of the crime scene supplied information not otherwise shown by the evidence). We overrule appellant's first point of error.

■ In his second, third, and fourth points of error, appellant contends the trial court erred in allowing the testimony of two inmates of the Harris County Jail. At trial, Kenneth Blount and James Moore testified to appellant's statements against interest made to them in the county jail.

Appellant first alleges that the testimony of the two inmate witnesses was not properly corroborated as is required by TEX.R. CRIM.EVID. 803, for admissibility as a statement against interest. We disagree. The

inmates testified to appellant's admission of the shooting in the course of the armed robbery of Kim's Mini Mart. The other witnesses at trial also testified to appellant's involvement through circumstantial evidence. For example, one witness identified appellant as the man she saw running out of the store and around the corner. Another witness identified the getaway car as belonging to appellant. We hold that the foregoing adequately corroborated testimony by the inmates. Appellant's second point of error is overruled.

■ Appellant further contends the testimony of inmate Blount was perjured and should not have been admitted. The evidence shows that Blount was less than truthful about his prior convictions when he testified before the grand jury. However, his truthfulness goes to the weight given his testimony and not to its admissibility. Point of error three is overruled.

■ In his fourth point of error appellant alleges the trial court erred in not giving the jury a requested instruction regarding the testimony of the two inmates. The question of admissibility of the inmates' testimony was a question for the trial judge and Rule 803(24) does not require any determinations be made by the jury. We overrule appellant's fourth point of error.

■ In his fifth point of error, appellant argues the trial judge erred in the wording of the definition of the term "intentionally." The court's charge read as follows:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

Appellant requested the following definition:

A person acts intentionally or with intent with respect to the result of his conduct when it is his conscious objective or desire to cause the result.

Appellant argues that it was error for the judge to include the words "the nature

of his conduct" and "engage in the conduct" because murder, like injury to a child or injury to an elderly individual, is a result-oriented offense and language about the nature of appellant's conduct is confusing to the jury. We disagree. Even though homicide is a result-oriented offense, the intent or knowledge with which the accused must have acted can only be applied by the jury to causing the death of an individual. Unlike the offenses of injury to a child, the culpable mental state cannot erroneously be applied to an act which, without the accused's intent, resulted in injury to the victim. We overrule point of error five.

In his sixth point of error appellant complains of the definition given in the charge of the term "knowingly." However, a review of the requested charge and the charge given the jury shows them to be identical. Point of error six is overruled.

In point of error seven, appellant alleges the trial court erred in failing to instruct the jury regarding alibi. Appellant relies on the testimony of a neighbor who testified that 5:30 or 6:00 was the "approximate time" that he saw appellant at home on his porch. Another witness testified that it was between 5:30 or 6:00 when she saw appellant outside Kim's Mini Mart. Appellant asserts that, because the evidence is inconsistent, he was entitled to an instruction on alibi. Appellant's neighbor testified as follows:

[Defense counsel]: Didn't you say that in your statement? Didn't you say that to the police when you gave a statement that you saw [appellant] between 5:30 and 6:00 o'clock on July the 16th, 1987, next door on his porch smoking a cigarette?

[Witness]: I said that was the approximate time.

As the testimony shows, the witness was not sure of the exact time he saw the appellant at home on his porch. Further, there is nothing in the record to show that the parties relied upon the same clock in testifying as to the time of the various occurrences. See Lee v. State, 454 S.W.2d 207 (Tex.Crim.App.1970). Because the testimony upon which appellant relies is not inconsistent with the State's theory that he committed the crime, the trial judge properly denied the requested instruction on alibi. Appellant's seventh point of error is overruled.

In points of error eight and nine, appellant alleges the trial court erred in admitting extraneous evidence of the armed robbery of Kim's Mini Mart in his murder trial. On the contrary, evidence of extraneous offenses committed by the accused have been held admissible to show the context in which the criminal act occurred. Moreno v. State, 721 S.W.2d 295, 301 (Tex.Crim.App.1986); Emerson v. State, 756 S.W.2d 364, 367 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). The jury had a right to hear what occurred immediately prior to and after the commission of the murder so that they could realistically evaluate the evidence. We overrule Appellant's eighth and ninth points of error.

In points of error ten and eleven, Appellant maintains the trial court erred in denying his motion to suppress evidence found at his residence because his consent to the search was not given voluntarily. The record shows that Appellant and his mother signed a written consent form to search the house. At a pretrial hearing, an officer testified that Appellant first orally consented to a search of his room and then voluntarily signed a consent form admitted into evidence. Appellant testified that although he signed the form, he did so involuntarily.

When passing on a motion to suppress evidence, the trial court is the exclusive trier of fact and its findings will be upheld if they are supported by the evidence. Posey v. State, 763 S.W.2d 872, 874 (Tex.App.—Houston [14th Dist.] 1988, pet. filed). As there was testimony at the suppression hearing which supported the trial judge's ruling, the appellant's final two points of error are overruled.

Accordingly, the judgment is affirmed.