**Marty Lee HINES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–95–391–CR.**

Court of Appeals of Texas, Fort Worth.

April 3, 1997.

---

Abe Factor, Lollar & Factor, P.C., Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Betty Marshall and Charles M. Mallin, Assistant Chiefs of the Appellate Section, C. James Gibson, Michael Meyer and Eleanor Barnwell, Assistant Criminal District Attorneys, for appellee.

Before CAYCE, C.J., and CAMPBELL (Sitting by Assignment) and DAY, JJ.

## OPINION

### PER CURIAM.

After a plea of not guilty, appellant Marty Lee Hines was convicted by a jury of driving while intoxicated. Punishment was assessed at fifteen days in the Tarrant County Jail, a fine of $450, and suspension of appellant's driver's license for a period of ninety days. On appeal, appellant raises a single point of error claiming that the trial court erred in

1. Apparently, the jury physically viewed the scene twice during the trial. Both trips to the scene were approved by the trial judge and are not now (and were not at trial) the subject of any objection or point of error by appellant. Appellant's point of error focuses on conversation engaged in by the jurors once at the scene.

2. This issue arose because the arresting officer testified that he observed appellant driving the wrong way on a one-way street.

3. Appellant actually cites to article 40.03, section 7, of the Texas Code of Criminal Procedure. However, as the State correctly points out, this citation is somewhat outdated. This article was

failing to grant his motion for new trial. We disagree and affirm.

### Applicable Facts

In his brief, appellant claims that misconduct occurred during deliberations by the jury at the guilt/innocence phase of the trial. At a hearing on appellant's motion for new trial, the presiding juror of the jury, Michelle Waters, testified that the jury proceeded as a body to physically view the street upon which appellant was traveling immediately prior to his arrest.[1] Waters further testified that one of the jurors was confused about appellant's route of travel and wondered (verbally) whether appellant could have corrected his mistake any more quickly.[2] There was a discussion about the length of the street upon which appellant was traveling and whether there were any cross streets or entrances from businesses adjacent to the street. When the confused juror asked the other jurors whether a certain paved surface was, in fact, a street, the presiding juror and others replied in the affirmative.

### Appellant's Claim

Appellant argues on appeal that the response of Waters and other jurors to the question of another juror that, what appeared to be a street was, in fact, a street, constituted the receipt of "other evidence" in violation of Tex.R.App.P. 30(b)(7), and therefore, the trial court erred in failing to grant a new trial.[3] Appellant relies principally on *Rogers v. State*, 551 S.W.2d 369 (Tex.Crim. App.1977) and *Alexander v. State*, 610 S.W.2d 750 (Tex.Crim.App. [Panel Op.] 1980) as authority for his claim.[4]

repealed in 1986 and the text of this provision is now located in Tex.R.App.P. 30(b)(7).

4. In *Rogers*, a robbery case in which identity was a hotly contested issue, the jury foreman told the other jurors that he had been the victim of a robbery, and that a victim would never forget the perpetrator's face. *Rogers*, 551 S.W.2d at 370. In *Alexander*, during deliberations on punishment, one juror told the remaining jurors that if he (the juror) were called as a witness, he would testify, from his own knowledge, that the defendant's reputation was bad. *Alexander*, 610 S.W.2d at 751. The fact patterns in these two cases bear no similarity to the instant case and are not helpful or applicable.

## Applicable Law

■ In order to be entitled to a new trial, a defendant must demonstrate: 1) that the jury actually received "other evidence"; and 2) that the "other evidence" received was detrimental to him.[5] *Bennett v. State,* 742 S.W.2d 664, 676 (Tex.Crim.App.1987), *vacated on other grounds,* 486 U.S. 1051, 108 S.Ct. 2815, 100 L.Ed.2d 917 (1988); *Guice v. State,* 900 S.W.2d 387, 389 (Tex.App.—Texarkana 1995, pet. ref'd). Jurors may draw upon their general experiences and perception while deliberating. *Guice,* 900 S.W.2d at 390. Whether the jurors received new and harmful evidence during their deliberations is a fact issue to be decided by the trial court and a question of degree. *Id.* at 389. A reviewing court will not overturn the trial court's decision absent an abuse of discretion. *Id.*

## Application of Law to Facts

■ Viewed in a light most favorable to the trial court's denial of appellant's motion for new trial, the jury, as a whole, took two visits to the scene of appellant's arrest. The presiding juror, Waters, testified that one juror was confused concerning appellant's route of travel. Specifically, Waters testified that the confused juror asked whether a street that intersected Taylor Street in Fort Worth was an actual street. An unspecified number of the remaining jurors, including Waters, responded in the affirmative. We find that the facts in the instant case are similar to the facts in *Flix v. State,* 782 S.W.2d 1 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd), cited in the State's brief. In *Flix,* several members of the jury drove by the crime scene and later reported on their visit to the other jurors during deliberations on the case. The jury foreman in *Flix* testified that there were pictures in evidence of the crime scene and that subsequent comments by those jurors who visited the scene

added nothing to the deliberations or to the photographs already in evidence. *Id.* at 3. The court held that the evidence complained of did not amount to "other evidence" within rule 30(b). *Id.*

In the instant case, the jurors were able to view Taylor Street and other streets in the area together, on two separate occasions, each sanctioned by the trial court and not objected to by the parties. Whatever the confused juror saw was also observed by the remainder of the jurors, or was testified to by the arresting officer. Whatever comments were made by Waters or other jurors regarding the existence of a street were subject to confirmation at the scene by the confused juror and did not constitute the receipt of other evidence as contemplated by rule 30(b)(7).[6] Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

---

5. Interestingly, the second prong of this "test" does not appear in the current rule 30(b)(7) or in the predecessor statute, article 40.03, section 7. Common sense, however, would seemingly dictate such a requirement.

6. It is arguable that the facts in *Flix* demonstrate the necessity of a finding of the receipt of "other

evidence," but that "other evidence" was not detrimental to the defendant because it was duplicative of the photographs. (Hence it failed to satisfy the second prong.) *Flix,* 782 S.W.2d at 3. In the instant case, the appellant cannot demonstrate the occurrence of either prong.