TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00176-CR







Tom Davis, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0970415, HONORABLE BOB PERKINS, JUDGE PRESIDING







 Appellant Tom Davis was convicted of the offense of robbery. See Tex. Penal Code Ann.
§ 29.02 (West 1994). The jury assessed appellant's punishment, enhanced by two prior felony
convictions, at imprisonment for seventy-five years. Appellant asserts that the trial court erred (1) in
charging the jury in the disjunctive and in failing to require the State to prove a descriptive averment, and
(2) in sustaining a hearsay objection when appellant offered in evidence his own out-of-court statement. 
We will overrule appellant's points of error and affirm the trial court's judgment.

 The evidence shows that the victim, Charles Gower, was on a downtown Austin street at
about 10:00 p.m. He testified:

 

 I paused between two planters, for some reason, I don't know what distracted me. 
But I was looking across the street at the restaurant. . . . [I]t happened -- all of a sudden,
I heard someone running behind me. . . . I was grabbed from the rear. . . . I knew I was
being robbed, I tried to grab my wallet. And the assailant took my jacket, . . . like he was
trying to hood me or cover me up. And at the same time I was trying to struggle free. And
he grabbed me in a choke hold with his right arm. And in the struggle, my glasses were
bent pretty badly and I was strangled around the neck on the choke hold. At the same
time, I was trying to grab my wallet before the assailant could . . . [W]hile he was trying
to get the wallet, my hand was damaged in the fracas. . . . My Adam's apple was sore for
several days.


A witness to the offense and two police officers subdued appellant near the scene of the offense.

 In points of error one and two, appellant complains that the trial court erred (1) in giving
a jury charge "excusing the State from proving the descriptive averment" that appellant caused bodily injury
to Charles Gower "by striking . . . Charles Gower about the neck with Tom Davis' arm," and (2) in
charging the jury it could convict appellant if it found he caused bodily injury to Gower either by striking
him about the neck or by grabbing him about the neck, when there was no evidence that appellant struck
Gower about the neck.

 It was alleged in the indictment that appellant, "did then and there, while in the course of
committing theft of property and with intent to obtain and maintain control of said property, intentionally,
knowingly, and recklessly cause bodily injury to Charles Gower by striking and grabbing Charles Gower
about the neck with Tom Davis' arm, . . ."

 The trial court charged the jury in pertinent part,


. . . if you believe from the evidence beyond a reasonable doubt, that the defendant, Tom
Davis, on or about the 1st day of November A.D., 1996, in the County of Travis, and
State of Texas, as alleged in the indictment, did then and there while in the course of
committing theft of property and with intent to obtain or maintain control of said property,
intentionally, knowingly, or recklessly cause bodily injury to Charles Gower, by striking or
grabbing Charles Gower about the neck with Tom Davis' arm, you will find the defendant
guilty of the offense of robbery. . . .



 Appellant argues that the "evidence showed that appellant grabbed the complainant about
the neck, but there was no evidence to indicate appellant struck the complainant about the neck." 
Appellant also argues that "the man who chased appellant down after the robbery and caught him, also
testified that appellant only grabbed the complainant about the neck and did not hit him." Appellant gives
a much more restricted meaning to the word "strike" than its common meaning or dictionary definition. One
of the many definitions of the word "strike" is "to come in contact" with and "to come suddenly or
unexpectedly." See Webster's Third New International Dictionary 2262 (Philip B. Gove ed., 1961).

 The State proved that appellant's arm came suddenly and unexpectedly in contact "about
the neck" of the victim when appellant grabbed the victim about the neck. The State proved that appellant
with his arm caused "bodily injury to Charles Gower [both] by striking and grabbing Charles Gower about
the neck." The trial court did not err in charging the jury in the disjunctive. See Garret v. State, 682
S.W.2d 301, 309 (Tex. Crim. App. 1984); Vaughn v. State, 607 S.W.2d 914, 921-22 (Tex. Crim. App.
1980). Moreover, because the State proved that appellant both struck and grabbed the victim about the
neck, it proved what the appellant calls the descriptive averment. The trial court did not err in allowing the
jury to convict appellant on the theory that appellant caused the victim bodily injury by striking the victim
about the neck. Appellant's first two points of error are overruled.

 In his third point of error, appellant urges that the "trial court erred in sustaining the State's
hearsay objection to the introduction of appellant's voluntary statement into evidence." After his arrest,
appellant made the following statement to law enforcement officers.


 I have lived in Austin for approximately two years. I was parolled to Travis
County November 1994 from TDC where I served approximately four years of a seven
year sentence for burglary of a habitation. My parole is over in December 1997.


 I have been smoking crack cocaine on and off for about the past year and have
developed a crack habit for which I need help. I have been working on and off to support
myself and my problem with crack uses up a lot of my money. 


 Tonight I needed money to buy crack. I had just gotten off the bus on Congress
Avenue near E. 6th St. I observed a man on the E. curb of Congress Ave. with his wallet
out and going through his money. He let me know he had cash in the wallet. After he put
the wallet back into his rear pants pocket I walked up behind him and snatched the wallet
out of his pocket. He hollered and grabbed hold of my arm. I jerked free and ran off. I
was stopped by police officers a few blocks away and arrested. The money in my pants
pocket was money which I had taken from the stolen wallet. I had also thrown the stolen
wallet when I first saw police officers.


 I know I was wrong to have stolen the money from the man on Congress Avenue. 
It was a wrong decision and I feel was a result of my problem with crack cocaine, which
I need help for.



The State did not offer appellant's statement in evidence.

 At trial, appellant offered his own out-of-court statement in evidence and insisted that it was
admissible under exceptions to the hearsay rule. He asserted that the statement was admissible both as an
admission by a party opponent and as a statement against penal interest. See Tex. R. Crim. Evid.
801(e)(2), 803(24) (now Tex. R. Evid. 801(e)(2), 803(24)). The trial court excluded appellant's
statement. On appeal, appellant only argues that his statement was admissible under Rule 803(24) because
it was a declaration against his penal interest, an exception to the hearsay rule.


 Statement Against Interest. A statement which was at the time of its making
so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to
subject him to civil or criminal liability, or to render invalid a claim by him against another,
or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his
position would not have made the statement unless he believed it to be true. A statement
tending to expose the declarant to criminal liability is not admissible unless corroborating
circumstances clearly indicate the trustworthiness of the statement.



Tex. R. Crim. Evid. 803(24) (now Tex. R. Evid. 803(24)).

 Appellant cites a number of cases which he says support his contention. E.g., Miles v.
State, 918 S.W.2d 511, 515 (Tex. Crim. App. 1996); Cofield v. State, 891 S.W.2d 952, 955-56 (Tex.
Crim. App. 1994); Davis v. State, 872 S.W.2d 743, 749 (Tex. Crim. App. 1994). None of these cases
are concerned with a defendant's contention that his own out-of-court statement was admissible as a
declaration against penal interest, an exception to the hearsay rule. The cases cited by appellant do not
support his contention in this point of error.

 It has been pointed out that "unfortunately, at least three opinions, including one by the
Court of Criminal Appeals, mistakenly analyze simple admissions by an accused as statements against penal
interest." 2 S. Goode, O. Wellborn and M. Sharlot, Guide to the Texas Rules of Evidence: Civil and
Criminal §§ 803.29 n.21, 801.7 n.8, 801.8 n.9. (Texas Practice 2d ed. 1993) The cases cited as
mistakenly analyzed are Green v. State, 840 S.W.2d 394, 411-12 (Tex. Crim. App. 1992); Flix v. State,
782 S.W.2d 1, 3 (Tex. App.--Houston [1st Dist.] 1989, pet. ref'd); Reynolds v. State, 744 S.W.2d 156,
160-61 (Tex. App.--Amarillo 1987, pet. ref'd).

 The State cites Spivey v. State, 748 S.W.2d 18, 19-20 (Tex. App.--Houston [1st Dist.]
1988, no pet.) which holds that a defendant's own out-of-court statement does not qualify as an admission
against penal interest and is not admissible under the Rule 803(24) exception to the hearsay rule. The court
in that case stated that the underlying premise of Rule 803(24) is that the statement was made by a third
person. We have found no other case than Spivey concerned with the precise issue presented in this case. 
Here, appellant's out-of-court statement was partly exculpatory and partly self-serving. Appellant did not
confess to the robbery for which he was tried, but only confessed to the less serious offense of theft. In
addition, appellant incorporated in his statement other self-serving statements concerning his drug addiction
that were calculated to evoke the jury's sympathy. If such statements were admissible, defendants would
in many cases admit to less serious crimes and include other self-serving statements. Such statements
would be partly exculpatory and partly against penal interest.

 It is the rule in Texas that self-serving declarations are not admissible in evidence as proof
of the facts asserted. See Hafdahl v. State, 805 S.W.2d 396, 402 (Tex. Crim. App. 1990); Crane v.
State, 786 S.W.2d 338, 353-54 (Tex. Crim. App. 1990); Allridge v. State, 762 S.W.2d 146 (Tex. Crim.
App. 1988); Chambers v. State, 905 S.W.2d 328, 330 (Tex. App.--Fort Worth 1995, no pet.); State
v. Morales, 844 S.W.2d 885, 891-92 (Tex. App.--Austin 1992, no pet.); see also 24 Tex. Jur. 3d
Criminal Law § 3058 (1982). There are, however, exceptions to this general rule, which permit
introduction of such proof. Such exceptions include: (1) whether part of the statement was previously
offered by the State; (2) whether the statement was necessary to explain or contradict acts or declarations
first offered by the State; or (3) whether the accused's self-serving declaration was part of the res gastae
of the offense or arrest. See Allridge, 762 S.W.2d at 152; Singletary v. State, 509 S.W.2d 572, 276
(Tex. Crim. App. 1974). The record in this case is clear that none of the exceptions to the general rule
excluding self-serving statements is applicable.

 We hold that appellant's statement was self-serving and not admissible when offered by
appellant as a declaration against penal interest under the provisions of Rule 803(24). Appellant's third
point of error is overruled.

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, Kidd and Dally*

Affirmed

Filed: June 18, 1998

Publish




* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).



 an exception to the hearsay rule. The cases cited by appellant do not
support his contention in this point of error.

 It has been pointed out that "unfortunately, at least three opinions, including one by the
Court of Criminal Appeals, mistakenly analyze simple admissions by an accused as statements against penal
interest." 2 S. Goode, O. Wellborn and M. Sharlot, Guide to the Texas Rules of Evidence: Civil and
Criminal §§ 803.29 n.21, 801.7 n.8, 801.8 n.9. (Texas Practice 2d ed. 1993) The cases cited as
mistakenly analyzed are Green v. State, 840 S.W.2d 394, 411-12 (Tex. Crim. App. 1992); Flix v. State,
782 S.W.2d 1, 3 (Tex. App.--Houston [1st Dist.] 1989, pet. ref'd); Reynolds v. State, 744 S.W.2d 156,
160-61 (Tex. App.--Amarillo 1987, pet. ref'd).

 The State cites Spivey v. State, 748 S.W.2d 18, 19-20 (Tex. App.--Houston [1st Dist.]
1988, no pet.) which holds that a defendant's own out-of-court statement does not qualify as an admission
against penal interest and is not admissible under the Rule 803(24) exception to the hearsay rule. The court
in that case stated that the underlying premise of Rule 803(24) is that the statement was made by a third
person. We have found no other case than Spivey concerned with the precise issue presented in this case. 
Here, appellant's out-of-court statement was partly exculpatory and partly self-serving. Appellant did not
confess to the robbery for which he was tried, but only confessed to the less serious offense of theft. In
addition, appellant incorporated in his statement other self-serving statements concerning his drug addiction
that were calculated to evoke the jury's sympathy. If such statements were admissible, defendants would
in many cases admit to less serious crimes and include other self-serving statements. Such statements
would be partly exculpatory and partly against penal interest.

 It is the rule in Texas that self-serving declarations are not admissible in evidence as proof
of the facts asserted. See Hafdahl v. State, 805 S.W.2d 396, 402 (Tex. Crim. App. 1990); Crane v.
State, 786 S.W.2d 338, 353-54 (Tex. Crim. App. 1990); Allridge v. State, 762 S.W.2d 146 (Tex. Crim.
App. 1988); Chambers v. State, 905 S.W.2d 328, 330 (Tex. App.--Fort Worth 1995, no pet.); State
v. Morales, 844 S.W.2d 885, 891-92 (Tex. App.--Austin 1992, no pet.); see also 24 Tex. Jur. 3d
Criminal Law § 3058 (1982). There are, however, exceptions to this general rule, which permit
introduction of such proof. Such exceptions include: (1) whether part of the statement was previously
offered by the State; (2) whether the statement was necessary to explain or contradict acts or declarations
first offered by the State; or (3) whether the accused's self-serving declaration was part of the res gastae
of the offense or arrest. See Allridge, 762 S.W.2d at 152; Singletary v. State, 509 S.W.2d 572, 276
(Tex. Crim. App. 1974). The record in this case is clear that none of the exceptions to the general rule
excluding self-serving statements is applicable.

 We hold that appellant's statement was self-serving and not admissible when offered by
appellant as a declaration against penal interest under the provisions of Rule 803(24). Appellant's third
point of error is overruled.

 The judgment of the trial court is affirmed.