Tom DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–97–00176–CR.

Court of Appeals of Texas,
Austin.

June 18, 1998.

Rehearing Overruled July 30, 1998.

Joan A. Ely, Austin, for Appellant.

Ronald Earle, District Attorney, C. Bryan Case, Jr., Assistant District Attorney, Austin, for State.

Before JONES, KIDD and DALLY, JJ.*

CARL E.F. DALLY, Justice.

Appellant Tom Davis was convicted of the offense of robbery. See Tex. Penal Code Ann. § 29.02 (West 1994). The jury assessed appellant's punishment, enhanced by two prior felony convictions, at imprisonment for seventy-five years. Appellant asserts that the trial court erred (1) in charging the jury in the disjunctive and in failing to require the State to prove a descriptive averment, and (2) in sustaining a hearsay objection when appellant offered in evidence his own out-of-court statement. We will overrule appel-

---

* Before Carl E.F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See

Tex. Gov't Code Ann. § 74.003(b) (West 1988).

lant's points of error and affirm the trial court's judgment.

The evidence shows that the victim, Charles Gower, was on a downtown Austin street at about 10:00 p.m. He testified:

> I paused between two planters, for some reason, I don't know what distracted me. But I was looking across the street at the restaurant.... [I]t happened—all of a sudden, I heard someone running behind me.... I was grabbed from the rear.... I knew I was being robbed, I tried to grab my wallet. And the assailant took my jacket, ... like he was trying to hood me or cover me up. And at the same time I was trying to struggle free. And he grabbed me in a choke hold with his right arm. And in the struggle, my glasses were bent pretty badly and I was strangled around the neck on the choke hold. At the same time, I was trying to grab my wallet before the assailant could ... [W]hile he was trying to get the wallet, my hand was damaged in the fracas.... My Adam's apple was sore for several days.

A witness to the offense and two police officers subdued appellant near the scene of the offense.

In points of error one and two, appellant complains that the trial court erred (1) in giving a jury charge "excusing the State from proving the descriptive averment" that appellant caused bodily injury to Charles Gower "by striking ... Charles Gower about the neck with Tom Davis' arm," and (2) in charging the jury it could convict appellant if it found he caused bodily injury to Gower either by striking him about the neck or by grabbing him about the neck, when there was no evidence that appellant struck Gower about the neck.

It was alleged in the indictment that appellant, "did then and there, while in the course of committing theft of property and with intent to obtain and maintain control of said property, intentionally, knowingly, and recklessly cause bodily injury to Charles Gower by striking and grabbing Charles Gower about the neck with Tom Davis' arm, ..."

The trial court charged the jury in pertinent part,

... if you believe from the evidence beyond a reasonable doubt, that the defendant, Tom Davis, on or about the 1st day of November A.D., 1996, in the County of Travis, and State of Texas, as alleged in the indictment, did then and there while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to Charles Gower, by striking or grabbing Charles Gower about the neck with Tom Davis' arm, you will find the defendant guilty of the offense of robbery....

Appellant argues that the "evidence showed that appellant grabbed the complainant about the neck, but there was no evidence to indicate appellant struck the complainant about the neck." Appellant also argues that "the man who chased appellant down after the robbery and caught him, also testified that appellant only grabbed the complainant about the neck and did not hit him." Appellant gives a much more restricted meaning to the word "strike" than its common meaning or dictionary definition. One of the many definitions of the word "strike" is "to come in contact" with and "to come suddenly or unexpectedly." *See Webster's Third New International Dictionary* 2262 (Philip B. Gove ed., 1961).

The State proved that appellant's arm came suddenly and unexpectedly in contact "about the neck" of the victim when appellant grabbed the victim about the neck. The State proved that appellant with his arm caused "bodily injury to Charles Gower [both] by striking and grabbing Charles Gower about the neck." The trial court did not err in charging the jury in the disjunctive. *See Garrett v. State,* 682 S.W.2d 301, 309 (Tex.Crim.App.1984); *Vaughn v. State,* 607 S.W.2d 914, 921–22 (Tex.Crim.App.1980). Moreover, because the State proved that appellant both struck and grabbed the victim about the neck, it proved what the appellant calls the descriptive averment. The trial court did not err in allowing the jury to convict appellant on the theory that appellant caused the victim bodily injury by striking the victim about the neck. Appellant's first two points of error are overruled.

In his third point of error, appellant urges that the "trial court erred in sustaining the State's hearsay objection to the introduction of appellant's voluntary statement into evidence." After his arrest, appellant made the following statement to law enforcement officers.

I have lived in Austin for approximately two years. I was paroled to Travis County November 1994 from TDC where I served approximately four years of a seven year sentence for burglary of a habitation. My parole is over in December 1997.

I have been smoking crack cocaine on and off for about the past year and have developed a crack habit for which I need help. I have been working on and off to support myself and my problem with crack uses up a lot of my money.

Tonight I needed money to buy crack. I had just gotten off the bus on Congress Avenue near E. 6th St. I observed a man on the E. curb of Congress Ave. with his wallet out and going through his money. He let me know he had cash in the wallet. After he put the wallet back into his rear pants pocket I walked up behind him and snatched the wallet out of his pocket. He hollered and grabbed hold of my arm. I jerked free and ran off. I was stopped by police officers a few blocks away and arrested. The money in my pants pocket was money which I had taken from the stolen wallet. I had also thrown the stolen wallet when I first saw police officers.

I know I was wrong to have stolen the money from the man on Congress Avenue. It was a wrong decision and I feel was a result of my problem with crack cocaine, which I need help for.

The State did not offer appellant's statement in evidence.

At trial, appellant offered his own out-of-court statement in evidence and insisted that it was admissible under exceptions to the hearsay rule. He asserted that the statement was admissible both as an admission by a party opponent and as a statement against penal interest. *See* Tex.R.Crim. Evid. 801(e)(2), 803(24) (now Tex.R. Evid. 801(e)(2), 803(24)). The trial court excluded appellant's statement. On appeal, appellant only argues

that his statement was admissible under Rule 803(24) because it was a declaration against his penal interest, an exception to the hearsay rule.

**Statement Against Interest.** A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Tex.R.Crim. Evid. 803(24) (now Tex.R. Evid. 803(24)).

Appellant cites a number of cases which he says support his contention. *E.g., Miles v. State,* 918 S.W.2d 511, 515 (Tex.Crim.App. 1996); *Cofield v. State,* 891 S.W.2d 952, 955–56 (Tex.Crim.App.1994); *Davis v. State,* 872 S.W.2d 743, 749 (Tex.Crim.App.1994). None of these cases are concerned with a defendant's contention that *his own* out-of-court statement was admissible as a declaration against penal interest, an exception to the hearsay rule. The cases cited by appellant do not support his contention in this point of error.

It has been pointed out that "unfortunately, at least three opinions, including one by the Court of Criminal Appeals, mistakenly analyze simple admissions by an accused as statements against penal interest." 2 S. Goode, O. Wellborn and M. Sharlot, *Guide to the Texas Rules of Evidence: Civil and Criminal* §§ 803.29 n. 21, 801.7 n. 8, 801.8 n. 9. (Texas Practice 2d ed. 1993) The cases cited as mistakenly analyzed are *Green v. State,* 840 S.W.2d 394, 411–12 (Tex.Crim.App. 1992); *Flix v. State,* 782 S.W.2d 1, 3 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd); *Reynolds v. State,* 744 S.W.2d 156, 160–61 (Tex.App.—Amarillo 1987, pet. ref'd).

The State cites *Spivey v. State,* 748 S.W.2d 18, 19–20 (Tex.App.—Houston [1st Dist.]

1988, no pet.) which holds that a defendant's own out-of-court statement does not qualify as an admission against penal interest and is not admissible under the Rule 803(24) exception to the hearsay rule. The court in that case stated that the underlying premise of Rule 803(24) is that the statement was made by a third person. We have found no other case than *Spivey* concerned with the precise issue presented in this case. Here, appellant's out-of-court statement was partly exculpatory and partly self-serving. Appellant did not confess to the robbery for which he was tried, but only confessed to the less serious offense of theft. In addition, appellant incorporated in his statement other self-serving statements concerning his drug addiction that were calculated to evoke the jury's sympathy. If such statements were admissible, defendants would in many cases admit to less serious crimes and include other self-serving statements. Such statements would be partly exculpatory and partly against penal interest.

 It is the rule in Texas that self-serving declarations are not admissible in evidence as proof of the facts asserted. *See Hafdahl v. State*, 805 S.W.2d 396, 402 (Tex. Crim.App.1990); *Crane v. State*, 786 S.W.2d 338, 353–54 (Tex.Crim.App.1990); *Allridge v. State*, 762 S.W.2d 146 (Tex.Crim.App.1988); *Chambers v. State*, 905 S.W.2d 328, 330 (Tex. App.—Fort Worth 1995, no pet.); *State v. Morales*, 844 S.W.2d 885, 891–92 (Tex.App.—Austin 1992, no pet.); *see also* 24 Tex. Jur.3d Criminal Law § 3058 (1982). There are, however, exceptions to this general rule, which permit introduction of such proof. Such exceptions include: (1) whether part of the statement was previously offered by the State; (2) whether the statement was necessary to explain or contradict acts or declarations first offered by the State; or (3) whether the accused's self-serving declaration was part of the res gastae of the offense or arrest. *See Allridge*, 762 S.W.2d at 152; *Singletary v. State*, 509 S.W.2d 572, 576 (Tex. Crim.App.1974). The record in this case is clear that none of the exceptions to the general rule excluding self-serving statements is applicable.

 We hold that appellant's statement was self-serving and not admissible when offered by appellant as a declaration against penal interest under the provisions of Rule 803(24). Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.