TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00336-CR







Dwight Levi, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0990619, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING







A jury found appellant Dwight Levi guilty of aggravated robbery and assessed
punishment at imprisonment for fifteen years. See Tex. Penal Code Ann. § 29.03 (West 1994). 
Appellant contends the evidence does not factually support the conviction, that the district court
erroneously admitted extraneous misconduct evidence, and that he did not receive effective
assistance of trial counsel. We will overrule these contentions and affirm.

At about 1:30 a.m. on January 29, 1999, a taxi was dispatched to pick up a man
named "Wayne" at 8616 Fireside Drive in Austin. The driver of the taxi, Stephen Haltom,
testified that when he arrived at this address, a man wearing a hooded sweatshirt walked out of
the carport of the residence and into the headlights of the cab. Haltom said he got a good look
at the man, whose face was not covered. When the man entered the cab, Haltom saw that he had
placed a bandanna over his face and was armed with a silver pistol. The man placed the pistol
to Haltom's head and demanded his money. Haltom complied with the demand and the robber
fled, followed by a second man Haltom had not previously seen who emerged from some nearby
bushes. One week after the robbery, Haltom picked appellant's photograph out of a six-person
photographic lineup. Haltom also identified appellant at trial as the man who robbed him.

Austin Police Officer Richard Cortez testified that he encountered appellant walking
on Burnet Road at 5:00 a.m. on February 1, 1999. Appellant identified himself to the officer as
Devon Evans, and also gave the officer an incorrect date of birth.

Appellant lived at 8618 Fireside Drive with his mother and brothers. His mother
and a brother testified that appellant was home with them from 11:30 p.m. on January 28 until
3:00 a.m. on January 29. To rebut this alibi testimony, the State called Austin Police Officer
Howard Staha, who investigated the robbery. Staha testified that he interviewed appellant's
mother and brother on February 8, 1999, and asked them if they knew where appellant had been
at the time of the robbery. They told him they were not sure, but assumed he was asleep.

Appellant contends the evidence is factually insufficient to sustain his conviction
because the State's case rests on Haltom's eyewitness testimony. Appellant argues that eyewitness
testimony is unreliable and poses a danger of erroneous conviction. See Jordan v. State, 928
S.W.2d 550, 556 (Tex. Crim. App. 1996) (expert testimony regarding reliability of eyewitness
testimony relevant under Tex. R. Evid. 702). Appellant notes that the police found no clothing
matching that worn by the robbers as described by Haltom, that the stolen money was not
recovered, and that there is no evidence appellant possessed or had access to a pistol. Analogizing
to accomplice witness testimony, appellant asks this Court to "refuse to sustain a conviction based
solely on eyewitness identification unless that identification is sufficiently corroborated." See
Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979) (conviction cannot be had on uncorroborated
accomplice testimony).

In effect, appellant asks this Court to hold, as a matter of law, that a conviction
cannot be had on uncorroborated eyewitness testimony. This request exceeds the scope of a
factual sufficiency challenge, which presumes the legal sufficiency of the evidence. See Stone v.
State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed).

A factual sufficiency reviews asks whether a neutral review of all the evidence,
both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak
or so greatly outweighed by contrary proof as to undermine confidence in the jury's
determination. See Johnson v. State, No. 1915-98, slip op. at 18 (Tex. Crim. App. Feb. 9,
2000). When conducting a factual sufficiency review, the evidence is not viewed in the light most
favorable to the verdict. Instead, all the evidence is considered equally, including the testimony
of defense witnesses and the existence of alternative hypotheses. See Orona v. State, 836 S.W.2d
319, 321 (Tex. App.--Austin 1992, no pet.). A verdict may be set aside for factual insufficiency
only if a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. See Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone, 823 S.W.2d at 381.

An appellate court reviewing the factual sufficiency of the evidence must maintain
appropriate deference to the jury's verdict. See Johnson, slip op. at 13; Reina v. State, 940
S.W.2d 770, 773 (Tex. App.--Austin 1997, pet. ref'd). The evaluation of eyewitness credibility
and demeanor is a job best suited for the fact-finder. See Johnson, slip op. at 11. We are not free
to reweigh the evidence and set aside a verdict merely because we feel that a different result is
more reasonable. See Clewis, 922 S.W.2d at 135; Reina, 940 S.W.2d at 773. A decision is not
manifestly unjust merely because the jury resolved conflicting views of the evidence in favor of
the State. See Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997). 

Haltom testified that he got a good look at the man who robbed him, and the jury
obviously found Haltom's identification of appellant to be credible. The jury also could consider
appellant's failure to properly identify himself to a police officer three days after the robbery to
be indicative of guilt, as we will discuss under the next point of error. And the jury could
reasonably discount the alibi testimony because of the witnesses' familial ties to appellant and their
contradictory statements to the police shortly after the crime. After viewing all the evidence in
a neutral fashion, we cannot say that the guilty verdict is manifestly unjust. Point of error one
is overruled.

Appellant's second point of error is that the district court erred by admitting the
testimony regarding appellant misidentifying himself to a police officer two days after the robbery. 
The court admitted the testimony on the strength of the holding in Felder v. State, 848 S.W.2d
85, 98 (Tex. Crim. App. 1992), that "[l]ike flight, the fact that [the defendant] presented false
identification to [a police officer] . . . indicates a 'consciousness of guilt' and an awareness that
he needed to conceal his identity from law enforcement officials." While the evidence was not
admissible merely to prove the defendant's bad character, a "trial court may reasonably have
believed the testimony was relevant to show [the defendant's] knowledge that a crime had been
committed and that he was a likely suspect." Id.; see also Tex. R. Evid. 404(b).

Appellant argues that Felder is distinguishable because the defendant in that case
knew he was a murder suspect when he misidentified himself to the officer. Our reading of
Felder does not support this distinction. There was evidence in Felder that the defendant fled
Houston after the murder for which he was on trial, that he told others that he killed a man, and
that he called his mother to inquire whether the police were looking for him. But there was no
evidence in Felder that the defendant knew a warrant had been issued for his arrest when he gave
the false identification to a police officer. Moreover, the court's analysis and holding in Felder
do not suggest that a defendant must be aware that he is a criminal suspect in order for evidence
that he falsely identified himself to a police officer to be admitted under rule 404(b).

Appellant argues that evidence of flight or false identification are of dubious value
as evidence of guilt. He urges that his failure to correctly identify himself "is just as consistent
with a person who is annoyed that he cannot freely take an early morning walk without being
accosted by inquisitive police officers." A trial court must be given wide latitude to admit or
exclude misconduct evidence under rule 404(b), however, and we conclude in light of Felder that
the district court did not abuse its discretion in this cause. See Montgomery v. State, 810 S.W.2d
372, 390 (Tex. Crim. App. 1991) (op. on reh'g). Appellant's further argument that the probative
value of the testimony was outweighed by its unfairly prejudicial effect was not preserved for
review. See id. at 388-89; Tex. R. Evid. 403. Point of error two is overruled.

Appellant's final point of error is that he did not receive effective assistance of
counsel at trial. To prevail on this claim, appellant must show by a preponderance of the evidence
that counsel made such serious errors that he was not functioning effectively as counsel and that
these errors prejudiced the defense to such a degree that he was deprived of a fair trial. See
Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and
see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d
139, 143 (Tex. App.--Austin 1992, pet. ref'd). Appellant filed a motion for new trial raising this
issue and a hearing was held at which trial counsel testified.

Appellant complains of four specific omissions by counsel, the first of which is
counsel's failure to introduce expert testimony regarding the unreliability of eyewitness testimony. 
Counsel testified at the new trial hearing that, based on his education and experience, he believed
a jury would not be materially assisted by such testimony. (1) Counsel stated that he had never seen
"a successful presentation of expert testimony calling into question eyewitness testimony" and had 
"never encountered anyone whom I felt would be a compelling witness to discredit eyewitness
testimony."

A second omission of which appellant now complains is trial counsel's failure to
introduce the videotape of his interrogation by the police, during which he repeatedly denied his
guilt. Counsel testified that he did not seek the admission of the videotape because the questioning
about the instant robbery was intertwined with questioning about a second robbery, and counsel
was of the opinion that the videotape could not be edited to omit the latter questions. Counsel also
stated that even if the videotape could have been successfully edited to omit the second offense,
he feared the State would respond to its introduction by moving to introduce the entire tape under
the rule of optional completeness. See Tex. R. Evid. 107. Whether or not such a motion would
have been legally proper, counsel believed that the question was close enough to constitute a
substantial risk that the motion would be granted. While not mentioned by counsel, there is also
a question whether appellant's out-of-court protestations of innocence would have been admissible. 
See Davis v. State, 970 S.W.2d 758, 761 (Tex. App.--Austin 1998, pet. ref'd) (defendant's self-serving declarations not admissible to prove truth of matter stated). 

Counsel's failure to call an expert witness and his failure to seek the admission of
the videotaped interrogation were acts of considered trial strategy. We do not evaluate such
strategic decisions in hindsight, but from counsel's perspective at trial. See Strickland, 466 U.S.
at 689; Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993); Stafford v. State, 813
S.W.2d 503, 506 (Tex. Crim. App. 1991). Appellant does not persuade us that these strategic
decisions were outside the range of reasonable professional assistance under the circumstances
shown.

Appellant also complains that his attorney did not impeach Haltom's testimony with
evidence of a fourteen-year-old theft by check complaint that had never been resolved. He also
urges that his attorney should have objected to the testimony regarding appellant's failure to
identify himself to Officer Cortez on the ground that he had been unlawfully detained. Trial
counsel was not questioned about either of these matters at the new trial hearing. In the absence
of evidence, appellant cannot overcome the presumption that counsel exercised reasonable
professional judgment. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Point of error three is overruled.

The judgment of conviction is affirmed.



 


 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 30, 2000

Do Not Publish
1. Counsel testified that he has a bachelor's degree in psychology and has practiced law of
twenty-four years, primarily in the area of criminal law.



e to such a degree that he was deprived of a fair trial. See
Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and
see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d
139, 143 (Tex. App.--Austin 1992, pet. ref'd). Appellant filed a motion for new trial raising this
issue and a hearing was held at which trial counsel testified.

Appellant complains of four specific omissions by counsel, the first of which is
counsel's failure to introduce expert testimony regarding the unreliability of eyewitness testimony. 
Counsel testified at the new trial hearing that, based on his education and experience, he believed
a jury would not be materially assisted by such testimony. (1) Counsel stated that he had never seen
"a successful presentation of expert testimony calling into question eyewitness testimony" and had 
"never encountered anyone whom I felt would be a compelling witness to discredit eyewitness
testimony."

A second omission of which appellant now complains is trial counsel's failure to
introduce the videotape of his interrogation by the police, during which he repeatedly denied his
guilt. Counsel testified that he did not seek the admission of the videotape because the questioning
about the instant robbery was intertwined with questioning about a second robbery, and counsel
was of the opinion that the videotape could not be edited to omit the latter questions. Counsel also
stated that even if the videotape could have been successfully edited to omit the second offense,
he feared the State would respond to its introduction by moving to introduce the entire tape under
the rule of optional completeness. See Tex. R. Evid. 107. Whether or not such a motion would
have been legally proper, counsel believed that the question was close enough to constitute a
substantial risk that the motion would be granted. While not mentioned by counsel, there is also
a question whether appellant's out-of-court protestations of innocence would have been admissible. 
See Davis v. State, 970 S.W.2d 758, 761 (Tex. App.--Austin 1998, pet. ref'd) (defendant's self-serving declarations not admissible to prove truth of matter stated). 

Counsel's failure to call an expert witness and his failure to seek the admission of
the videotaped interrogation were acts of considered trial strategy. We do not evaluate such
strategic decisions in hindsight, but from counsel's perspective at trial. See Strickland, 466 U.S.
at 689; Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993); Stafford v. State, 813
S.W.2d 503, 506 (Tex. Crim. App. 1991). Appellant does not persuade us that these strategic
decisions were outside the range of reasonable professional assistance under the circumstances
shown.

Appellant also complains that his attorney did not impeach Haltom's testimony with
evidence of a fourteen-year-old theft by check complaint that had never been resolved. He also
urges that his attorney should have objected to the testimony regarding appellant's failure to
identify himself to Officer Cortez on the ground that he had been unlawfully detained. Trial
counsel was not questioned about either of these matters at the new trial hearing. In the absence
of evidence, appellant cannot overcome the presumption that counsel exercised reasonable
professional judgment. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Point of error three is overruled.