**Russell Vernon READO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–84–036 CR.**

Court of Appeals of Texas, Beaumont.

Nov. 27, 1984.

Discretionary Review Refused July 10, 1985.

16

Patrick Black, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant was indicted for two counts of murder in violation of *TEX.PENAL CODE ANN. sec. 19.02* (Vernon 1974) and two counts of injury to a child in violation of *TEX.PENAL CODE ANN. sec. 22.04* (Vernon Supp.1984). Appellant pleaded not guilty. The jury returned a verdict of guilty as to one count of murder. The jury assessed life imprisonment and a fine of $10,000.00.

In his first ground of error, Appellant argues:

"The trial court erred in denying Appellant's motion for instructed verdict because the State had failed in its burden to adduce evidence in support of all the essential elements necessary to support a conviction of the Appellant for the offense of murder."

The evidence and testimony are largely circumstantial but of probative force. Direct evidence was provided from the autopsy report and the photographs of the child.

The critical inquiry on review of the sufficiency of the evidence, direct and circumstantial, is whether any rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt. *Carlsen v. State,* 654 S.W.2d 444 (Tex.Crim.App.1983); *Freeman v. State,* 654 S.W.2d 450 (Tex.Crim.App.1983); *Denby v. State,* 654 S.W.2d 457 (Tex.Crim.App. 1983), and *Wilson v. State,* 654 S.W.2d 465 (Tex.Crim.App.1983).

Both direct and circumstantial evidence are to be reviewed by like standards. *Hankins v. State,* 646 S.W.2d 191 (Tex.Crim. App.1983). In *Wilson, supra,* at 471, we find:

"It follows that circumstantial evidence should not be tested by an *ultimate* 'standard for review' different from direct evidence; the standard in both kinds of cases is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation omitted]"

"Still, we are unable to devise or discover any reason, compelling or otherwise, for abandoning the utilitarian 'exclusion of outstanding reasonable hypotheses' analysis for *applying* the above 'standard for review' in circumstantial evidence cases. By the nature of circumstantial evidence, in order to determine it rationally establishes guilt beyond a reasonable doubt, a process of elimination must be used...."

In *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984, we find:

"... Thus, we have declined to accept the standard requested by appellant. In both direct and circumstantial evidence cases the reviewing court will look at all the evidence in the light most favorable to the verdict or judgment. All cases containing the language that review of the evidence 'in light of the presumption that the accused is innocent' are expressly overruled."

■ Following this standard of review, we find that the evidence is sufficient to support the jury's verdict of murder. The evidence and testimony exclude every other reasonable hypothesis except that of the guilt of Appellant. Appellant's first ground of error is overruled.

■ Appellant argues in his next two grounds of error that the trial court erred in not admitting his exculpatory statement. Appellant contends that the statement "explains or contradicts acts or declarations first offered by the prosecution." Further, Appellant contends that the statement elaborates on "parts of conversations previously proved by the prosecution." Appellant did not testify in this case. Hence, no opportunity was provided to cross-examine Appellant on his voluntary statement. The State did not attempt to introduce the statement into evidence.

■ When the accused does not take the stand, self-serving statements are not admissible where they are merely contradictory to some act or declaration first proffered by the prosecution. *Lawler v. State*, 110 Tex.Crim. 460, 9 S.W.2d 259 (1927). Although exculpatory statements of the accused are ordinarily inadmissible, there are some exceptions such as: 1) when the statement is considered res gestae of the offense or arrest; 2) part of a statement has been previously proven by the State; or 3) when the statement is necessary to explain or contradict acts or declarations first offered by the State. *Singletary v. State*, 509 S.W.2d 572, 576 (Tex. Crim.App.1974). This rule of evidence, as with any other rule of evidence, must necessarily mirror the rationale or theory which is the basis of the rule if the same is to retain its soundness and vitality. The theory behind the third exception is to prevent the fact finder from being misled or perceiving a false, incorrect impression when hearing only a part of an act, declaration, conversation or, especially, a writing. This so-called rule of completeness takes effect only when other evidence has already been introduced but is incomplete and misleading. A practical test for the trial court would be that the trial judge should carefully ponder the testimony and evidence which is said to be incomplete and then assess if there has been a misleading or mistaken effect upon the minds of the jury or fact finder. The proffered testimony would be admitted only if necessary to prevent the jury from being misled or mistaken. Appellant's exculpatory statement does not fall under this rule of completeness nor does it meet either of the other two exceptions.

To adopt Appellant's position would mean that all self-serving statements by an accused would be admissible. The authorities Appellant relies upon do not support such a statement. Appellant's second and third grounds of error are overruled.

■ Appellant's fourth ground of error is:

"The trial court erred in denying Appellant's motion to have the State produce the grand jury transcript, recording and investigation material because such denial was a clear abuse of the court's discretion."

The State called Dr. John Travis, Jr. to the stand. Dr. Travis had served on the Jefferson County grand jury that had indicted the Appellant. Dr. Travis testified that the grand jury had not been able to ascertain the manner or means used to inflict the injury and death of the child. On cross-examination, Dr. Travis was asked who testified before the grand jury. The doctor replied that he could not answer that question. He was asked if someone testified live to which he answered affirmatively. He was asked if, during the grand jury proceeding, he viewed affidavits and police reports. Dr. Travis answered "yes". He was also asked if a recording or transcript was made of the hearings. Again, the doctor replied "yes". At that point, Appellant moved that the State produce the recording or transcript of the affidavits that were used before the grand jury. Appellant argued that they were needed to test whether the grand jury could have ascertained by reasonable means what instruments, if any, were used. The prosecutor objected on the grounds that the witness had already testified that the grand jury reviewed every available avenue of information and still could not ascertain what manner and means were used. The State argued that due diligence had been exercised to determine the manner or

means. The State further argued that the grand jury proceedings are "secret and are not available to discovery in any shape, manner, or form."

The trial court did not grant Appellant's motion. However, the trial court ordered the district attorney to seal the grand jury transcript, recordings, record of proceedings and all investigation material and forward the same to this Court as part of the record for the purposes of this appeal.

■ Appellant agrees generally that in the ordinary situation a defendant does not have the right to inspect grand jury testimony. Appellant concedes that the right to discover and inspect grand jury testimony is only within the sound discretion of the court. Generally, an appellant may be permitted to inspect the record of the grand jury proceedings only where "some special reason" clearly exists or upon a showing of a "particularized need" so as to outweigh the traditional policy of grand jury secrecy. *McManus v. State*, 591 S.W.2d 505 (Tex.Crim.App.1979). Viewing all of the information given to us under seal from the State, we do not perceive that a "particularized need" or "special reason" for production of the grand jury testimony exists and, specifically, we do not find that the *in camera* material examined by us was needed or even helpful to effectively cross-examine Dr. John Travis. We think that this is especially correct in regard to the question of whether or not the grand jury used due diligence in its investigation to ascertain the manner, means, instruments or weapons used in the offense. This seems to be the gravamen of Appellant's complaint. We find no merit in this ground of error. Appellant's fourth ground of error is overruled.

Appellant's fifth ground of error contends:

"The trial court erred in ordering the sentences in cause No[s]. 42755 and 42121 in the 279th District Court of Jefferson County, Texas to run cumulatively because such was a clear abuse of the court's discretion."

■ The trial court assessed Appellant's punishment at life imprisonment to be served consecutively with the life imprisonment sentence Appellant received for aggravated robbery. Appellant filed a motion to have the sentences run concurrently. The trial court denied Appellant's motion.

■ Appellant concedes that, under *TEX.CODE CRIM.PROC.ANN. art. 42.08* (Vernon 1979), the trial court has discretion in ordering sentences to be run on a cumulative or concurrent basis. Appellant further concedes that *Art. 42.08, supra,* has been held constitutional and meets all constitutional prerequisites. *Johnson v. State*, 492 S.W.2d 505 (Tex.Crim.App.1973); *Hammond v. State*, 465 S.W.2d 748 (Tex. Crim.App.1971).

We find no abuse of discretion by the trial judge. Ground of error five, lacking merit, is overruled.

Having overruled each of Appellant's grounds of error, we affirm the judgment and sentence below.

AFFIRMED.