**Samuel Wayne CHAMBERS, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 02–94–096–CR.**

Court of Appeals of Texas,
Fort Worth.

July 20, 1995.

Publication Ordered Aug. 21, 1995.

Leon Haley, Jr., Fort Worth, for appellant.

Tim Curry, Criminal District Attorney; Betty Marshall and Charles Mallin, Assistant Chiefs of Appellate Section; Danielle A. Legault, Robert Mayfield, and Lisa Amos, Assistant District Attorneys, Fort Worth, for appellee.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

LIVINGSTON, Justice.

A jury found Samuel Wayne Chambers ("appellant") guilty of aggravated assault with a deadly weapon and assessed punishment of twenty years' imprisonment. In his sole point of error, appellant argues the trial court erred by refusing to admit into evidence a statement made by appellant to Officer Eddie Dale Neel of the Fort Worth Police Department. We overrule appellant's sole point of error because the statement was hearsay and did not fall within any of the recognized hearsay exceptions.

On December 10, 1992, John Scipio ("Scipio"), the victim, was hanging out with some friends at a convenience store in Fort Worth. Scipio urinated on the side of the building. As Scipio was returning to his car, appellant approached him, spoke with him briefly, and then walked to his car to put a sack down. After appellant put the sack down, he walked back to Scipio and spoke to him again. Appellant then walked to his car, pulled a gun from the trunk, walked toward Scipio, and shot him. The bullet hit Scipio in the chest, damaging his heart and severing his spinal cord.

Appellant did not testify at trial, but he sought to introduce a written statement he made to police on January 29, 1993. Appellant wanted to introduce the statement as evidence of his state of mind at the time of the shooting to show he believed he was

acting in self-defense. The State argued the evidence was inadmissible hearsay, and the trial court excluded the written statement.

Rule 801 of the Texas Rules of Criminal Evidence governs hearsay:

> **(a) Statement.** A "statement" is (1) an oral or written verbal expression or (2) nonverbal conduct of a person, if it is intended by him as a substitute for verbal expression.
>
> **(b) Declarant.** A "declarant" is a person who makes a statement.
>
> **(c) Matter Asserted.** "Matter asserted" includes any matter explicitly asserted, and any matter implied by a statement, if the probative value of the statement as offered flows from declarant's belief as to the matter.
>
> **(d) Hearsay.** "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

TEX.R.CRIM.EVID. 801. The exhibit appellant sought to introduce was a written statement he made outside of the trial offered to prove the truth of the matter asserted—that appellant thought he was acting in self-defense. Thus, appellant's written statement was hearsay, and therefore inadmissible unless it falls within one of the recognized exceptions to the hearsay rule. *See* TEX.R.CRIM.EVID. 802.

■ Appellant argues the statement is admissible as "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition." TEX.R.CRIM. EVID. 803(3). This hearsay exception allows statements regarding intent, plan, motive, design, mental feeling, pain, or bodily health to be admitted, but it does not include "a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will." *Id.; Gibbs v. State,* 819 S.W.2d 821, 837 (Tex.Crim.App. 1991), *cert. denied,* 502 U.S. 1107, 112 S.Ct. 1205, 117 L.Ed.2d 444 (1992). Appellant's statement that he believed the victim may have had a weapon at the time of the assault is nothing more than a statement of "memory or belief to prove the fact remembered or believed," and therefore, the statement does not fall within the Rule 803(3) exception. *See Gibbs,* 819 S.W.2d at 837.

■ Appellant also argues that his statement was admissible as a present sense impression. "A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter" is not excluded by the hearsay rule. TEX.R.CRIM. EVID. 803(1). The rationale for this exception to the hearsay rule is that the contemporaneous nature of the statement makes it reliable because there is little time for the declarant to suffer defect of memory or to calculate misstatements. *Rabbani v. State,* 847 S.W.2d 555, 560 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 113 S.Ct. 3047, 125 L.Ed.2d 731 (1992); *Kubin v. State,* 868 S.W.2d 394, 396–97 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). Thus when a declarant has had time to reflect upon the events, the conditions observed, and the facts learned after the event, the reliability of the statement is diminished because the statement is no longer contemporaneous. *See Beauchamp v. State,* 870 S.W.2d 649, 652 (Tex.App.—El Paso 1994, pet. ref'd). The event in question occurred on December 10, 1992, but appellant did not make the statement in question until January 29, 1993. Therefore, the statement was not contemporaneous with the event and not admissible as a present sense impression.

■ We believe the State's characterization of appellant's statement as self-serving hearsay is correct. The Texas Court of Criminal Appeals has instructed that self-serving statements of the accused are generally inadmissible at trial on his behalf. *Allridge v. State,* 762 S.W.2d 146, 152 (Tex. Crim.App.1988), *cert. denied,* 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989); *Singletary v. State,* 509 S.W.2d 572, 576 (Tex. Crim.App.1974). Because the statement was made over a month after the assault occurred, no part of the statement was introduced by the State, and appellant did not testify at trial, appellant's self-serving statement did not fall within any of the exceptions to the ban on self-serving statements. *See*

*Allridge,* 762 S.W.2d at 152–53; *Singletary,* 509 S.W.2d at 576–77; *Starks v. State,* 776 S.W.2d 808, 811 (Tex.App.—Fort Worth 1989, pet. ref'd). Accordingly, appellant's sole point of error is overruled, and the judgment of the trial court is affirmed.