Max Melvin WALCK, Jr. Appellant,

v.

STATE of Texas, Appellee.

No. 11–96–031–CR.

Court of Appeals of Texas,
Eastland.

April 10, 1997.

Michael E. Fouts, Scarbrough, Tarpley, & Fouts, Abilene, for appellant.

James E. Eidson, Criminal District Attorney, Kollin Shadle, Appellate Section, Criminal District Attorney's Office, Abilene, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

OPINION

WRIGHT, Justice.

Appellant pleaded guilty before a jury to the charge of murder. The jury found him guilty and assessed his punishment at 60 years confinement and a $10,000 fine. We affirm.

In a single point of error, appellant maintains that the trial court erred when it would not allow appellant's own expert witness to relate, on direct examination, the content of interviews between that witness and appellant. Appellant called Dr. Mark Douglas Cunningham, a clinical and forensic psychologist, to testify as an expert witness during the punishment phase of the trial. Dr. Cunningham had examined appellant prior to trial. He had interviewed appellant and others as a part of that examination. During those interviews, appellant discussed the circumstances of the murder with him. Dr. Cunningham testified that in his opinion appellant killed the victim while acting in response to sudden passion provoked by adequate cause.[1] Dr. Cunningham based his opinion, in part, upon his discussions with appellant. He testified that he could not have arrived at his opinion in the absence of his discussions with appellant. Appellant sought to question Dr. Cunningham about the content of those discussions. The trial court sustained the State's objection and did not allow the testimony. Appellant did not testify. Appellant maintained in the trial court that the testimony was admissible "as historical data and background and imperative to this expert's ... opinions and conclusions" and was admissible under TEX. R.CRIM.EVID. 803(4). The State maintains on appeal that the evidence was inadmissible

1. See TEX. PENAL CODE ANN. § 19.02 (Vernon 1994) regarding "sudden passion."

under TEX.R.CRIM.EVID. 705 and 803(4). We agree.

Rule 803(4) (Hearsay Exceptions) provides:

(4) **Statements for purposes of medical diagnosis or treatment.** Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

Dr. Cunningham did not examine appellant for purposes of medical diagnosis or treatment. Dr. Cunningham examined appellant "to determine his state of mind at the time of [the] offense."[2] An examination of the record reveals that Dr. Cunningham's task was to formulate an opinion regarding "sudden passion." The evidence was not admissible under Rule 803(4).

Rule 705 provides:

(a) **Disclosure of Facts or Data.** The expert may testify in terms of opinion or inference and give his reasons therefore without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data, subject to subparagraphs (b) through (d).

(b) **Voir Dire.** Prior the expert giving his opinion or disclosing the underlying facts or data, a party against whom the opinion is offered shall, upon request, be permitted to conduct a voir dire examination directed to the underlying facts or data upon which the opinion is based. This examination shall be conducted out of the hearing of the jury.

(c) **Admissibility of Opinion.** If the court determines that the expert does not have a sufficient basis for his opinion, the opinion is inadmissible unless the party offering the testimony first establishes sufficient underlying facts or data.

(d) **Balancing Test; Limiting Instructions.** When the underlying facts or data would be inadmissible in evidence for any purpose other than to explain or support the expert's opinion or inference, *the court shall exclude the underlying facts or data if the danger that they will be used for an improper purpose outweighs their value* as explanation or support for the expert's opinion. If the facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request. (Emphasis added)

The trial court's position was that (1) the proffered testimony was inadmissible for any purpose other than to explain or support Dr. Cunningham's opinion and that (2) the danger that the testimony would be used for an improper purpose outweighed any value the testimony might have in explanation or in support of the opinion.

The testimony was inadmissible hearsay. Self-serving statements of an accused are generally inadmissible. *Hafdahl v. State,* 805 S.W.2d 396, 402 (Tex.Cr.App.1990); *Allridge v. State,* 762 S.W.2d 146, 152 (Tex.Cr. App.1988), *cert. den'd,* 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989); *Singletary v. State,* 509 S.W.2d 572, 576 (Tex.Cr. App.1974); *Chambers v. State,* 905 S.W.2d 328 (Tex.App.—Fort Worth 1995, no writ). See also TEX.R.CRIM.EVID. 801 and 802. Appellant's statements to Dr. Cunningham did not fall within any exception to that general rule. *State v. Morales,* 844 S.W.2d 885 (Tex.App.—Austin 1992, no writ). See also *Allridge v. State, supra; Singletary v. State, supra.* Because the testimony was inadmissible for any purpose other than to explain or support Dr. Cunningham's opinion, Rule 705(d) mandated that the trial court perform the balancing test provided for in the rule. The trial court performed the balancing test and did not allow the testimony. A trial court has broad discretion in determining the admissibility of evidence. Absent a clear abuse of that discretion, the ruling will not be disturbed. *Allridge v. State,* 850 S.W.2d 471 (Tex.Cr.App.1991), *cert. den'd,*

---

**2.** It is clear from the context that appellant did not refer to "state of mind" in the sense in which that term is used in TEX.R.CRIM.EVID. 803(3).

Further, appellant did not expressly offer the evidence under Rule 803(3).

510 U.S. 831, 114 S.Ct. 101, 126 L.Ed.2d 68 (1993); *Lewis v. State,* 933 S.W.2d 172 (Tex. App.—Corpus Christi 1996, pet'n ref'd). Finding no abuse of that discretion, appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.