NO. 07-10-0284-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 APRIL 13, 2011

 DEXTER WAYNE GREENE, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM CRIMINAL DISTRICT COURT NO. THREE OF TARRANT COUNTY;

 NO. 1160937D; HONORABLE ELIZABETH BERRY, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Dexter Wayne Greene, pled guilty in open court to two counts of sexual assault of a
child[1] and was sentenced to two consecutive eighteen year sentences.[2] In a single point of
error, Appellant asserts the trial court violated his right to due process guaranteed by the
Fourteenth Amendment of the United States Constitution by excluding evidence of his written and
recorded statements to the police during his punishment trial. We affirm.

 Background

 On July 14, 2009, a Tarrant County Grand Jury returned an indictment against Appellant
alleging that he intentionally and knowingly caused the sexual organ of W. H., a child younger than
seventeen years of age who was not Appellant's spouse, to contact Appellant's mouth on April 1 and
May 1 of 2008, Counts One and Two respectively. Appellant subsequently pled guilty to both counts
and a punishment trial was held before a jury.

 Prior to the punishment trial, the State successfully moved to prohibit any mention of
Appellant's oral or written statements to the police on the grounds that the statements were self-
serving and inadmissible hearsay. At the punishment trial, Sergeant Detective Tom Milner testified
on direct examination, in pertinent part, as follows:

 STATE: [W. H.] didn't ask any adults for help, did he?

 MILNER: No.

 STATE: [W. H.] tried to handle it himself?

 MILNER: Yes.

 STATE: In fact, [W. H.] tried to push him off, didn't he?

 MILNER: [W. H.] did say that he had a fight with him, yes.

 STATE: But, I mean, independent of pushing him off, the fight was later,
 wasn't it?

 MILNER: Yes.

 STATE: [W. H.] tried to push him off one time. Another time when the defendant tried to
 get [W. H.] to go to sleep, that's when the fight began?

 MILNER: Yes.

 STATE: What did [W. H.] do?

 MILNER: [W. H.] stated he hospitalized [Appellant], cracking his ribs.

 STATE: [W. H.] hurt him?

 MILNER: Yes.

 STATE: [W. H.] wanted it to stop, and [Appellant] wouldn't take no for an answer?

 MILNER: No.

 On cross examination, Detective Milner testified, in pertinent part, as follows:

 DEFENSE: Did you just state that [W. H.] offered that he---I'm sorry. What
 did you just say about the fight?

 MILNER: Said that he hospitalized [Appellant].

 DEFENSE: All right. And [W. H.] gave you a reason why?

 MILNER: He said that [Appellant] was trying to get him to go to sleep, so Appellant could
 perform sexual acts on him.

 DEFENSE: And do you have any reason to believe that there's anything that explains or
 contradicts that?

 MILNER: No.

 Appellant then sought to introduce his out-of-court oral and written statements to Detective
Milner to explain or contradict Milner's testimony regarding W. H.'s reasons for breaking
Appellant's ribs and hospitalizing him.[3] Appellant asserted that the State "opened the door" in
its direct examination of Milner and Appellant's statements were necessary mitigation evidence
regarding whether the sexual acts were forced or consensual. The State asserted that no evidence of
Appellant's statements was offered in Detective Milner's direct examination and it was defense
counsel that "opened the door" to whether other evidence existed that explained or contradicted
Detective Milner's account of W. H.'s motivation for breaking Appellant's ribs. The trial court
denied Appellant's request.

 At the trial's conclusion, the jury found Appellant guilty of Counts One and Two in the
indictment and sentenced Appellant to two consecutive sentences of eighteen years confinement.
This appeal followed.

 Discussion

 Appellant asserts that his own out-of-court statements were admissible as mitigation evidence
because the statements directly contradicted Detective Milner's testimony that W. H. had told him
that he was fending off Appellant's sexual advances when he cracked Appellant's ribs. Further,
Appellant argues that, due to Detective Milner's blanket declaration that he was unaware of any
evidence that contradicted or explained W. H.'s version of why he fractured Appellant's ribs, the
jury was given the false impression that Appellant was physically aggressive towards W. H.
Appellant asserts this created a false impression that led the jury to assess near-maximum
sentences. The State counters contending the trial court correctly excluded Appellant's statements
because they were inadmissible hearsay and unnecessary to explain or contradict any evidence first
offered by the State.

 Standard of Review

 We review a trial court's decision to admit evidence under an abuse of discretion standard.
Walters v. State, 247 S.W.3d 204, 217 (Tex.Crim.App. 2007) (citing Apolinar v. State, 155 S.W.3d
184, 186 (Tex.Crim.App. 2005)). A trial court abuses its discretion only when the decision lies
"outside the zone of reasonable disagreement." Id.

 Self-serving Statements

 The general rule in Texas is that self-serving statements are generally inadmissible as proof
of the facts they assert. Allridge v. State, 762 S.W.2d 146, 152 (Tex.Crim.App. 1988), cert.
denied, 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989). Testimony by third persons as to an
accused's self-serving declarations are hearsay and thus inadmissible. Moore v. State, 849 S.W.2d
350, 351 n.1 (Tex.Crim.App. 1993) (citing DeRusse v. State, 579 S.W.2d 224, 233 (Tex.Crim.App.
1979)).

 There are exceptions, however, to this general rule. Allridge, 762 S.W.2d at 152. A self-
serving statement may be admissible if the statement is: (1) part of the res gestae of the offense
or arrest, (2) part of a statement or conversation already offered by the State, or (3) necessary to
explain or contradict evidence first offered by the State. Id. (citing Singletary v. State, 509
S.W.2d 572, 576 (Tex.Crim.App. 1974)). The theory behind the third exception is to prevent the fact
finder from being misled or perceiving a false, incorrect impression when hearing only a part of an
act, declaration, conversation, or especially, a writing. Reado v. State, 690 S.W.2d 15, 17
(Tex.App.--Beaumont 1984, pet. ref'd).[4]

 Here, Appellant makes no contention that his statements were part of the res gestae of the
offense, and the record does not show that the State made any effort to proffer any portion of
Appellant's statements in its case-in-chief or at any other time. Therefore, Appellant is unable to
prove either the first or second exceptions.

 In addition, there is no showing that Appellant's out-of-court statements to Detective Milner
were necessary to correct a false or incorrect impression created by Detective Milner's testimony
regarding W. H.'s self-described motivation for injuring Appellant. Here, Appellant sought to use
his out-of-court statements to contradict or assert an alternative version of the events described
by W. H. through Detective Milner's testimony. As such, Appellant's statements were not necessary
to clear up any misconceptions for the jury regarding how or why the events described by W. H.,
through Detective Milner's testimony, occurred. Detective Milner's account of W. H.'s statement
regarding Appellant's rib injury was complete. That the State did not present exculpatory or
explanatory testimony favoring Appellant in its case-in-chief does not equate to misleading the jury
or leaving the jury with only a partial or incomplete version of the facts. In fact, the State did
proffer W. H. as a witness during its case-in-chief and during cross-examination, W. H. indicated
that he injured Appellant's ribs while they were playing on Appellant's living room floor

 Further, it has been held that, when the accused does not take the stand, self-serving
statements are not admissible when they are merely contradictory to some act or declaration first
proffered by the prosecution. Starks v. State, 776 S.W.2d 808, 811 (Tex.App.--Fort Worth 1989, pet.
ref'd) (citing Reado, 690 S.W.2d at 17). Here, Appellant did not testify. Therefore, if the trial
court had admitted Appellant's statements, there would have been no opportunity to cross-examine
Appellant on his statements to Detective Milner. Under the circumstances, to admit Appellant's self-
serving statements in the State's case-in-chief would permit any defendant to place his version of
the facts before the jury through hearsay statements without being subject to cross-examination.
See Reado, 690 S.W.2d at 17 ("To adopt Appellant's position would mean that all self-serving
statements by an accused would be admissible.") Accordingly, we find the trial court did not abuse
its discretion in excluding Appellant's self-serving statements.[5]

 Renteria v. State, 206 S.W.3d 689 (Tex.Crim.App. 2006), is of no assistance to Appellant. In
Renteria, the Criminal Court of Appeals determined it was error not to admit a defendant's self-
serving statement to police wherein he expressed remorse after the State presented expert testimony
at trial, based on hypotheticals supported by the record, that a person like the defendant would be
a future danger to society in part because the hypothetical person was unremorseful. Id. at 694-98.
 Unlike Renteria wherein the State depicted the defendant as unremorseful through hypotheticals,
here, Detective Milner's testimony merely described W. H.'s account of his motivation for injuring
Appellant while saying nothing of Appellant's state of mind or motivation at the time he was
injured. As such, this case is more like Starks, supra, wherein the trial court properly excluded a
defendant's self-serving statement that his gun went off accidently as opposed to intentionally;
Starks, 776 S.W.2d at 811, or Walck v. State, 943 S.W.2d 544 (Tex.App.--Eastland 1997, pet. ref'd),
wherein the trial court properly excluded a defendant's self-serving statements to his psychologist
intended to establish his state of mind at the time of the offense. Id. at 545. In both cases, as
here, the excluded statement does not contradict an act or declaration, but instead merely seeks to
contradict the State's evidence of intent. Appellant's single point of error is overruled.

 Conclusion

 The trial court’s judgment is affirmed.

 Patrick A. Pirtle
 Justice
Do not publish.
-----------------------
[1]See Tex. Penal Code Ann. § 22.011(a)(2) (West Supp. 2010).

[2]In a separate cause number, Appellant was also convicted of a third offense of sexual assault of
a child and assessed a five year sentence to be served concurrently with the first of his two
eighteen year sentences.

[3]In his oral and written statements to Detective Milner, Appellant described W. H. as an aggressor
who broke Appellant's ribs when he refused to perform sexual acts on W. H.

[4]This is the so-called rule of optional completeness, a common-law doctrine that is a recognized
exception to the hearsay rule. See Walters, 247 S.W.3d at 218. This rule is one of admissibility
and permits the introduction of otherwise inadmissible evidence when the evidence is necessary to
fully and fairly explain a matter "opened up" by the adverse party. Id. (citing Parr v. State, 557
S.W.2d 99, 102 (Tex.Crim.App. 1977)). That said, however, simply "opening up the door," does not
automatically require admission of otherwise inadmissible evidence under the rule of optional
completeness. Sauceda v. State, 129 S.W.3d 116, 122 (Tex.Crim.App. 2004); Kipp v. State, 876 S.W.2d
330, 337 (Tex.Crim.App. 1994). Rule 107 of the Texas Rules of Evidence indicates that, in order to
be admitted, the omitted portion of the statement must be “on the same subject” and must be
“necessary to make it fully understood." Tex. R. Evid. 107.

[5]Even if Appellant's cross-examination of Detective Milner may have somehow misled the jury or
created a false impression in their minds as Appellant suggests, this does not make his self-serving
out-of-court statements admissible. Renteria v. State, 206 S.W.3d 689, 705 (Tex.Crim.App. 2006).