NO. 07-10-0284-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 13, 2011

_____

DEXTER WAYNE GREENE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM CRIMINAL DISTRICT COURT NO. THREE OF TARRANT COUNTY;

NO. 1160937D; HONORABLE ELIZABETH BERRY, JUDGE

_____

Before QUINN, C.J., and  HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Dexter Wayne Greene, pled guilty in open court to two counts of sexual assault of a child[1] and was sentenced to two consecutive eighteen year sentences.[2]  In a single point of error, Appellant asserts the trial court violated his right

---

[1]*See* Tex. Penal Code Ann. § 22.011(a)(2) (West Supp. 2010).

[2]In a separate cause number, Appellant was also convicted of a third offense of sexual assault of a child and assessed a five year sentence to be served concurrently with the first of his two eighteen year sentences.

to due process guaranteed by the *Fourteenth Amendment of the United States Constitution* by excluding evidence of his written and recorded statements to the police during his punishment trial. We affirm.

**Background**

On July 14, 2009, a Tarrant County Grand Jury returned an indictment against Appellant alleging that he intentionally and knowingly caused the sexual organ of W. H., a child younger than seventeen years of age who was not Appellant's spouse, to contact Appellant's mouth on April 1 and May 1 of 2008, Counts One and Two respectively. Appellant subsequently pled guilty to both counts and a punishment trial was held before a jury.

Prior to the punishment trial, the State successfully moved to prohibit any mention of Appellant's oral or written statements to the police on the grounds that the statements were self-serving and inadmissible hearsay. At the punishment trial, Sergeant Detective Tom Milner testified on direct examination, in pertinent part, as follows:

> STATE: [W. H.] didn't ask any adults for help, did he?
>
> MILNER: No.
>
> STATE: [W. H.] tried to handle it himself?
>
> MILNER: Yes.
>
> STATE: In fact, [W. H.] tried to push him off, didn't he?
>
> MILNER: [W. H.] did say that he had a fight with him, yes.
>
> STATE: But, I mean, independent of pushing him off, the fight was later, wasn't it?

2

MILNER:     Yes.

STATE:      [W. H.] tried to push him off one time.  Another time when the defendant tried to get [W. H.] to go to sleep, that's when the fight began?

MILNER:     Yes.

STATE:      What did [W. H.] do?

MILNER:     [W. H.] stated he hospitalized [Appellant], cracking his ribs.

STATE:      [W. H.] hurt him?

MILNER:     Yes.

STATE:      [W. H.] wanted it to stop, and [Appellant] wouldn't take no for an answer?

MILNER:     No.


On cross examination, Detective Milner testified, in pertinent part, as follows:


DEFENSE:    Did you just state that [W. H.] offered that he---I'm sorry. What did you just say about the fight?

MILNER:     Said that he hospitalized [Appellant].

DEFENSE:    All right.  And [W. H.] gave you a reason why?

MILNER:     He said that [Appellant] was trying to get him to go to sleep, so Appellant could perform sexual acts on him.

DEFENSE:    And do you have any reason to believe that there's anything that explains or contradicts that?

MILNER:     No.


Appellant then sought to introduce his out-of-court oral and written statements to Detective Milner to explain or contradict Milner's testimony regarding W. H.'s reasons for breaking Appellant's ribs and hospitalizing him.[3]  Appellant asserted that the State

---

[3]In his oral and written statements to Detective Milner, Appellant described W. H. as an aggressor who broke Appellant's ribs when he refused to perform sexual acts on W. H.

3

"opened the door" in its direct examination of Milner and Appellant's statements were necessary mitigation evidence regarding whether the sexual acts were forced or consensual. The State asserted that no evidence of Appellant's statements was offered in Detective Milner's direct examination and it was defense counsel that "opened the door" to whether other evidence existed that explained or contradicted Detective Milner's account of W. H.'s motivation for breaking Appellant's ribs. The trial court denied Appellant's request.

At the trial's conclusion, the jury found Appellant guilty of Counts One and Two in the indictment and sentenced Appellant to two consecutive sentences of eighteen years confinement. This appeal followed.

**Discussion**

Appellant asserts that his own out-of-court statements were admissible as mitigation evidence because the statements directly contradicted Detective Milner's testimony that W. H. had told him that he was fending off Appellant's sexual advances when he cracked Appellant's ribs. Further, Appellant argues that, due to Detective Milner's blanket declaration that he was unaware of any evidence that contradicted or explained W. H.'s version of why he fractured Appellant's ribs, the jury was given the false impression that Appellant was physically aggressive towards W. H. Appellant asserts this created a false impression that led the jury to assess near-maximum sentences. The State counters contending the trial court correctly excluded Appellant's statements because they were inadmissible hearsay and unnecessary to explain or contradict any evidence first offered by the State.

4

## Standard of Review

We review a trial court's decision to admit evidence under an abuse of discretion standard. *Walters v. State*, 247 S.W.3d 204, 217 (Tex.Crim.App. 2007) (citing *Apolinar v. State,* 155 S.W.3d 184, 186 (Tex.Crim.App. 2005)). A trial court abuses its discretion only when the decision lies "outside the zone of reasonable disagreement." *Id.*

## Self-serving Statements

The general rule in Texas is that self-serving statements are generally inadmissible as proof of the facts they assert. *Allridge v. State,* 762 S.W.2d 146, 152 (Tex.Crim.App. 1988), *cert. denied*, 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989). Testimony by third persons as to an accused's self-serving declarations are hearsay and thus inadmissible. *Moore v. State*, 849 S.W.2d 350, 351 n.1 (Tex.Crim.App. 1993) (citing *DeRusse v. State*, 579 S.W.2d 224, 233 (Tex.Crim.App. 1979)).

There are exceptions, however, to this general rule. *Allridge*, 762 S.W.2d at 152. A self-serving statement may be admissible if the statement is: (1) part of the *res gestae* of the offense or arrest, (2) part of a statement or conversation already offered by the State, or (3) necessary to explain or contradict evidence first offered by the State. *Id.* (citing *Singletary v. State*, 509 S.W.2d 572, 576 (Tex.Crim.App. 1974)). The theory behind the third exception is to prevent the fact finder from being misled or perceiving a false, incorrect impression when hearing only a part of an act, declaration, conversation,

or especially, a writing. *Reado v. State*, 690 S.W.2d 15, 17 (Tex.App.--Beaumont 1984, pet. ref'd).[4]

Here, Appellant makes no contention that his statements were part of the *res gestae* of the offense, and the record does not show that the State made any effort to proffer any portion of Appellant's statements in its case-in-chief or at any other time. Therefore, Appellant is unable to prove either the first or second exceptions.

In addition, there is no showing that Appellant's out-of-court statements to Detective Milner were necessary to correct a false or incorrect impression created by Detective Milner's testimony regarding W. H.'s self-described motivation for injuring Appellant. Here, Appellant sought to use his out-of-court statements to contradict or assert an alternative version of the events described by W. H. through Detective Milner's testimony. As such, Appellant's statements were not necessary to clear up any misconceptions for the jury regarding how or why the events described by W. H., through Detective Milner's testimony, occurred. Detective Milner's account of W. H.'s statement regarding Appellant's rib injury was complete. That the State did not present exculpatory or explanatory testimony favoring Appellant in its case-in-chief does not

---

[4]This is the so-called rule of optional completeness, a common-law doctrine that is a recognized exception to the hearsay rule. *See Walters*, 247 S.W.3d at 218. This rule is one of admissibility and permits the introduction of otherwise inadmissible evidence when the evidence is necessary to fully and fairly explain a matter "opened up" by the adverse party. *Id.* (citing *Parr v. State*, 557 S.W.2d 99, 102 (Tex.Crim.App. 1977)). That said, however, simply "opening up the door," does not automatically require admission of otherwise inadmissible evidence under the rule of optional completeness. *Sauceda v. State*, 129 S.W.3d 116, 122 (Tex.Crim.App. 2004); *Kipp v. State*, 876 S.W.2d 330, 337 (Tex.Crim.App. 1994). Rule 107 of the Texas Rules of Evidence indicates that, in order to be admitted, the omitted portion of the statement must be "on the same subject" and must be "necessary to make it fully understood." Tex. R. Evid. 107.

6

equate to misleading the jury or leaving the jury with only a partial or incomplete version of the facts. In fact, the State did proffer W. H. as a witness during its case-in-chief and during cross-examination, W. H. indicated that he injured Appellant's ribs while they were playing on Appellant's living room floor

Further, it has been held that, when the accused does not take the stand, self-serving statements are not admissible when they are merely contradictory to some act or declaration first proffered by the prosecution. *Starks v. State*, 776 S.W.2d 808, 811 (Tex.App.--Fort Worth 1989, pet. ref'd) (citing *Reado*, 690 S.W.2d at 17). Here, Appellant did not testify. Therefore, if the trial court had admitted Appellant's statements, there would have been no opportunity to cross-examine Appellant on his statements to Detective Milner. Under the circumstances, to admit Appellant's self-serving statements in the State's case-in-chief would permit any defendant to place his version of the facts before the jury through hearsay statements without being subject to cross-examination. *See Reado*, 690 S.W.2d at 17 ("To adopt Appellant's position would mean that all self-serving statements by an accused would be admissible.") Accordingly, we find the trial court did not abuse its discretion in excluding Appellant's self-serving statements.[5]

*Renteria v. State*, 206 S.W.3d 689 (Tex.Crim.App. 2006), is of no assistance to Appellant. In *Renteria*, the Criminal Court of Appeals determined it was error not to

---

[5]Even if Appellant's cross-examination of Detective Milner may have somehow misled the jury or created a false impression in their minds as Appellant suggests, this does not make his self-serving out-of-court statements admissible. *Renteria v. State*, 206 S.W.3d 689, 705 (Tex.Crim.App. 2006).

admit a defendant's self-serving statement to police wherein he expressed remorse after the State presented expert testimony at trial, based on hypotheticals supported by the record, that a person like the defendant would be a future danger to society in part because the hypothetical person was unremorseful. *Id.* at 694-98. Unlike *Renteria* wherein the State depicted the defendant as unremorseful through hypotheticals, here, Detective Milner's testimony merely described W. H.'s account of *his* motivation for injuring Appellant while saying nothing of Appellant's state of mind or motivation at the time he was injured. As such, this case is more like *Starks*, *supra*, wherein the trial court properly excluded a defendant's self-serving statement that his gun went off accidently as opposed to intentionally; *Starks,* 776 S.W.2d at 811, or *Walck v. State*, 943 S.W.2d 544 (Tex.App.--Eastland 1997, pet. ref'd), wherein the trial court properly excluded a defendant's self-serving statements to his psychologist intended to establish his state of mind at the time of the offense*. Id.* at 545. In both cases, as here, the excluded statement does not contradict an act or declaration, but instead merely seeks to contradict the State's evidence of intent. Appellant's single point of error is overruled.

**Conclusion**

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice

Do not publish.

8