PD-0282-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/13/2015 6:35:37 PM
Accepted 3/18/2015 10:40:56 AM
ABEL ACOSTA
CLERK

In the
Court of Criminal Appeals of Texas

Cause No. 14-13-01020-CR
In the
Court of Appeals for the Fourteenth District of Texas
at Houston

Cause No. 1354834
In the 351st District Court
Of Harris County, Texas

REGINALD BROUSSARD
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

March 18, 2015

ABEL ACOSTA, CLERK

Casey Garrett
Texas Bar No. 00787197
4010 Bluebonnet, Ste. 204
Houston, Texas 77025
713-228-3800
Casey.garrett@sbcglobal.net

## IDENTITY OF PARTIES AND COUNSEL

Appellant:  Reginald Broussard

Counsel for Appellant at Trial:

> Lourdes Rodriguez
> 300 Fannin Street, Room 220
> Houston, Texas 77002
> 713-222-8638
> Texas Bar No. 17147100

Counsel for Appellant on Appeal:

> Casey Garrett
> 4010 Bluebonnet, Ste. 204
> Houston, Texas  77025
> Texas Bar No. 00787197
> 713-228-3800

Counsel for the State at Trial:

> Alycia Harvey
> Texas Bar No. 24032404
> Assistant District Attorney
> 1201 Franklin
> Houston, Texas 77002
> 713-755-5800

Counsel for the State on Appeal:
> Harris County District Attorney's Office
> Appellate Division
> 1201 Franklin, Suite 600
> Houston, Texas  77002
> (713) 755-5800

Trial Judge:  The Honorable Mark Kent Ellis

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL................................................ 2

Trial Judge:  The Honorable Mark Kent Ellis................................................ 2

TABLE OF CONTENTS ................................................................ 3

INDEX OF AUTHORITIES ............................................................ 4

STATEMENT REGARDING ORAL ARGUMENT ................................ 5

STATEMENT OF THE CASE ......................................................... 5

STATEMENT OF PROCEDURAL HISTORY ........................................ 5

QUESTION PRESENTED FOR REVIEW ................................................ 6

REASONS FOR REVIEW .............................................................. 6

PRAYER ............................................................................. 10

CERTIFICATE OF SERVICE.......................................................... 11

# INDEX OF AUTHORITIES

**Cases**

*Jones v. State*, 963 S.W.2d 177 (Tex. App.—
Fort Worth 1998, pet. ref'd) ................................................................ 7

*Mays v. State*, 285 S.W.3d 884 (Tex. Crim. App. 2009) ............................... 8

*Montgomery v. State*, 383 S.W.3d 722 (Tex. App.—
Houston [14th Dist.] 2012, no pet.) .................................................... 8

*Parr v. State*, 557 S.W.2d 99 (Tex. Crim. App. 1977) .................................. 10

*Reado v. State*, 690 S.W.2d 15 (Tex. App.—
Beaumont 1984), pet. ref'd) ................................................................ 7

*Solano v. State*, 728 S.W.2d 428 (Tex. App.—
San Antonio 1987, pet. ref'd) ............................................................. 7

*West v. State*, 121 S.W.3d 95 (Tex. App.—
Fort Worth 2003, pet. ref'd) .................................................. 6, 8, 9

**Statutes**

Tex. Code Crim. P. Ann. art. 38.08 (Vernon 2005) ..................................... 8

**Constitutional Provisions**

Tex. Const. art. I, sec. 10 ................................................................... 8

U.S. Const. amend V ......................................................................... 8

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Broussard requests oral argument.

## STATEMENT OF THE CASE

Mr. Broussard was charged by indictment with the felony offense of aggravated assault on a family member (C.R. 11). In particular, he was charged with threatening Anika Ross, a person with whom he had a dating relationship, with imminent bodily injury by exhibiting a deadly weapon, namely, a firearm (C.R. 11). The charge was enhanced with two prior felony convictions (C.R. 11). Mr. Broussard pled not guilty and the case was tried before a jury (R.R.3 – 6). The jury found him guilty as charged in the indictment (C.R. 96). Thereafter, the jury assessed punishment at confinement for life in the Institutional Division of the Texas Department of Criminal Justice (C.R. 96).

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals filed a memorandum opinion affirming the conviction on February 3, 2015. No motion for rehearing was filed. Pursuant to Rule 68.2 of the Texas Rules of Appellate Procedure, this

Petition for Discretionary Review should be filed thirty days after the day the court of appeals filed its opinion. A motion for an extension of time was filed with this Court herewith and the Petition was timely filed within two weeks of the due date.

## QUESTION PRESENTED FOR REVIEW

Is a defense attorney required to provide extensive and thorough proof of the evidence excluded by a trial court judge before the decision of the trial court to exclude such evidence can be reviewed?

## REASONS FOR REVIEW

The decision of the court of appeals conflicts with applicable decisions of the Court of Criminal Appeals.

## APPELLANT'S QUESTION FOR REVIEW

Is a defense attorney required to provide extensive and thorough proof of the evidence excluded by a trial court judge before the decision of the trial court to exclude such evidence can be reviewed?

Rule 107 of the Texas Rules of Evidence permits the introduction of otherwise inadmissible evidence when necessary to fully and fairly explain a matter opened up by the adverse party. Tex. R. Evid. 107; *West v. State*, 121 S.W.3d 95, 103 (Tex. App.—Fort Worth 2003, pet. ref'd). It takes effect

when other evidence has already been introduced but is incomplete and misleading. ***Jones v. State***, 963 S.W.2d 177, 182 (Tex. App.—Fort Worth 1998, pet. ref'd). Its purpose is to allow one side to complete the picture when the opponent has opened the door. *See **Reado v. State***, 690 S.W.2d 15, 17 (Tex. App.—Beaumont 1984), pet. ref'd). This reduces the possibility of the jury receiving a false impression from hearing only a part of some act, conversation, or writing. ***Solano v. State***, 728 S.W.2d 428, 430-31 (Tex. App.—San Antonio 1987, pet. ref'd). When one side pursues a subject that would ordinarily be outside the realm of proper comment at trial, the door is open and a right of reply is created. *See **Parr v. State***, 557 S.W.2d 99, 102 (Tex. Crim. App. 1977).

In the instant case, the complainant testified trouble began in her relationship with Mr. Broussard when she "found out he was on drugs." (R.R.3 – 29). When her medical records were introduced into evidence, however, the State was allowed to remove the two pages indicating her own ongoing problem with drugs and alcohol (R.R.3 – 58). The State elected to redact two pages of her records marked, "insight assessment," because "all they are is an evaluation of the complainant's alcohol and drug use." (R.R.3 – 58). Defense counsel objected under the rule of optional completeness, Rule 107 of the Texas Rules of Evidence. The court responded, "it's hearsay

7

within hearsay," and overruled the objection on that basis. Rule 107, however, is expressly intended to allow one side to admit otherwise inadmissible evidence, in the interest of giving the jury a full picture. *West v. State*, 121 S.W.3d 95, 103 (Tex. App.—Fort Worth 2003, pet. ref'd).

In its opinion, the lower court said, "we are unable to determine whether the exclusion of those two pages was erroneous or harmful," because "the trial court was informed the missing pages were an evaluation of the complainant's alcohol and drug use but they were not tendered to the judge and the record does not include those two pages." The court cited *Montgomery v. State*, 383 S.W.3d 722, 726 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The court below correctly stated the primary purposes of an offer of proof: 1) to enable an appellate court to determine whether exclusion was erroneous or harmful; and 2) to permit the trial court to consider its ruling in light of the actual evidence. *Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009). These cases involved the testimony of live witnesses, however, where the substance of the evidence excluded would be impossible to determine without an explicit offer of proof, live testimony, to consider on the record.

The two pages excluded from the medical records were, as the State expressly said on the record, "an evaluation of the complainant's alcohol and

drug use." The pages were redacted in front of the trial court judge. The trial court could easily consider its ruling in light of the actual evidence, because the court was looking at the actual evidence when the State removed two pages of her medical records. Moreover, the appellate court can consider the question of whether the State should have been permitted to exclude information from the medical records on the basis of "hearsay upon hearsay," the stated reason for the Court's ruling, without examining the actual records themselves. Whether or not the medical records showed drug use or no drug use, Mr. Broussard was entitled to put them before the jury as part of the complainant's medical records, in the interest of giving the jury the full picture. *West v. State*, 121 S.W.3d 95, 103 (Tex. App.—Fort Worth 2003, pet ref'd).

Mr. Broussard received a life sentence in the case at bar. Under the rules of appellate procedure, errors pertaining to evidentiary decisions, non-constitutional in nature, should be disregarded unless they impact the substantial rights of the defendant. Tex. Rules Appellate P. 44.2(b). In the instant case, Mr. Broussard had a substantial right to present a full and complete version of events to the jury so they could better evaluate the circumstances behind his actions. Had the jury been given the opportunity to form a full and accurate picture of both the complainant and Mr. Broussard,

9

and therefore, the relationship between the two of them, he would not have received the maximum sentence under the law. The trial court erred when it overruled the defense objections under Rule 107, and the court should have included the information about drug and alcohol abuse in the medical records presented to the jury. The case should be reversed and remanded for a new trial.

## PRAYER

Appellant respectfully prays this Honorable Court to grant his petition for discretionary review.

Respectfully submitted,

____/s/Casey Garrett____
Casey Garrett
Texas Bar No. 00787197
4010 Bluebonnet, Ste. 204
Houston, Texas 77025
713-228-3800
Casey.garrett@sbcglobal.net

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent

through the e-file system to the following party:

Harris County District Attorney's Office
Appellate Division
1201 Franklin, Suite 600
Houston, Texas  77002

Casey Garrett
Texas Bar No. 00787197
4010 Bluebonnet, Ste. 204
Houston, Texas  77025
713-228-3800
Casey.garrett@sbcglobal.net

In the
Court of Criminal Appeals of Texas

Cause No. 14-13-01020-CR
In the
Court of Appeals for the Fourteenth District of Texas
at Houston


REGINALD BROUSSARD
*Appellant*


v.


THE STATE OF TEXAS
*Appellee*


CERTIFICATE OF COMPLIANCE

Casey Garrett
Texas Bar No. 00787197
4010 Bluebonnet, Ste. 204
Houston, Texas  77025
713-228-3800
Casey.garrett@sbcglobal.net

This is the certify that the Petition for Discretionary Review filed in the above-numbered cause has 1,529 words in compliance with Rule 9 of the Texas Rules of Appellate Procedure.

_____/s/Casey Garrett_____
Casey Garrett
Texas Bar No. 00787197
4010 Bluebonnet, Ste. 204
Houston, Texas  77025
713-228-3800
Casey.garrett@sbcglobal.net



# JUDGMENT

## The Fourteenth Court of Appeals

REGINALD  BROUSSARD, Appellant

NO. 14-13-01020-CR                                 V.

THE STATE OF TEXAS, Appellee

_____

This cause was heard on the transcript of the record of the court below. Having considered the record, this Court holds that there was no error in the judgment. The Court orders the judgment **AFFIRMED**.

We further order appellant pay all costs expended in the appeal.
We further order this decision certified below for observance.



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-01020-CR

---

### REGINALD BROUSSARD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1354834**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Reginald Broussard of aggravated assault of a family member with a deadly weapon. Appellant entered a plea of "true" to two enhancement paragraphs and the jury sentenced him to prison for life. Appellant filed a timely notice of appeal. We affirm.

The complainant had a dating relationship with appellant that had ended. Subsequently, appellant came to her home in the middle of the night and asked her to

get her belongings out of his van. The complainant refused to go to the van. Appellant grabbed the complainant by the hair and dragged her from the porch. Appellant put a gun in her face and a struggle ensued. Appellant stuck the gun to the complainant's chest and shot her. They continued to struggle until the complainant got away. As the complainant was running into the house, she turned around and saw appellant point the gun to shoot again. A bullet was later found embedded in the wall of the complainant's home. The complainant called 911 and was taken to the hospital where she was treated for a gunshot wound. The jury found appellant guilty of aggravated assault with a deadly weapon. Appellant pled true to two enhancement paragraphs and the jury assessed his punishment at confinement for life in the Institutional Division of the Texas Department of Criminal Justice.

In his only issue, appellant claims the trial court erred in overruling his objection to the State's admission of the complainant's medical records. During its case-in-chief, the State offered into evidence the complainant's medical records. The State did not include two pages of those records, marked "insight assessment," that the State described as "an evaluation of the complainant's alcohol and drug use" that were not necessary to understand the medical records. Appellant objected "under Rule 107, optional completeness." See Tex. R. Evid. 107.[1] The trial court overruled the objection. Appellant then further objected "under Rule 107 again because it show[ed] the person's state at the time when they were interviewing her and shortly after that." The trial court again overruled the objection. In his brief, appellant claims the trial court should have required the State to include the two pages.

---

[1] "When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given. "Writing or recorded statement" includes depositions." Tex. R. Evid. 107.

In order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Rule of Evidence 103 by making an "offer of proof" which sets forth the substance of the proffered evidence. *Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009). *See also Watts v. State*, 371 S.W.3d 448, 464 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful. *Mays,* 285 S.W.3d at 890. A secondary purpose is to permit the trial court to reconsider its ruling in light of the actual evidence. *Id. See also Montgomery v. State*, 383 S.W.3d 722, 726 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

The trial court was informed the missing pages were an evaluation of the complainant's alcohol and drug use but they were not tendered to the judge and the record does not include those two pages. Accordingly, we are unable to determine whether the exclusion of those two pages was erroneous or harmful. *See Montgomery*, 383 S.W.3d at 726 (a general statement that a witness would testify about the vehicles' speeds was insufficient to determine whether the exclusion was harmful). We cannot conclude that the trial court abused its discretion in excluding evidence when the excluded evidence is unavailable for us to review. We therefore overrule appellant's issue affirm the trial court's judgment.


/s/     Marc W. Brown
            Justice



Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

3